### HUNTINGTON v NEAL et al

Ohio Appeals, 2nd Dist, Franklin Co
No 2007. Decided Mar 28, 1931

Arnold, Wright, Purpus & Harlor, Columbus, for Huntington.

Charles P. Outhwaite, and Williams, Sinks & Williams, all of Columbus, for Neil et al.

THE FACTS ARE STATED IN THE OPINION

HORNBECK, J. (Allread, PJ, and Kunkle, J, concur.)

Submitted on motion of defendants, William Neil, Juliette W. Lilley, Mary Darrow Barger Burnside and Milman H. Linn and Charles P. Outhwaite as executors of the last will and testament of Talfourd P. Linn, deceased, to dismiss this proceeding in appeal for want of jurisdiction.

This action is to construe the will of Mary Neil Darrow and for instructions to her executor and administrator, with the will annexed. Items 1st, 2nd, and 3rd of the will are involved.

Item 3rd creates a trust and names certain beneficiaries. With respect to this Item there is uncertainty in the mind of plaintiff as to whom the portion of which Elizabeth I. Bache (Linn) was the beneficiary shall pass and conflict in the claims of certain of the defendants to said share.

Determination of the questions incident to the construction of Item 3rd not only relates to the construction of the will, but to a trust created by the will.

The Supreme Court of Ohio has said that an action involving the construction of a will does not per se constitute a chancery case, **Clark v Clark, 110 Oh St, 652,** thus inferentially looking with disfavor on the

sweeping language of the second proposition of the syllabus in **Bank v Clark et al,** **28 O.C.A., 1** which reads:

"An act to construe a will is one in chancery and appeal lies from a decree of the Court of Common Pleas in such case."

But we do not find any authority which counteracts our understanding that a suit which directly involves construction of a trust provision of a will is a chancery action and, therefore, appealable.