DECISION
Plaintiffs-appellants, James Mogavero, Robert Mogavero, Raymond Rueble, Paula Myers, and Jeanne Parrish, appeal from a judgment of the Franklin County Court of Common Pleas, Probate Division, adopting a decision of the magistrate that construed the will and amended trust of decedent, Pauline L. Cianflona, in favor of one or more of defendants-appellees, Edward T. Lombardo, Key Trust Company of Ohio, N.A., The Salvation Army, Attorney General Betty D. Montgomery, and Robert T. Lombardo. Because plaintiffs' appeal does not present a final appealable order, we lack subject matter jurisdiction and therefore dismiss the appeal.
On October 5, 1999, plaintiffs filed a complaint in the Franklin County Court of Common Pleas, Probate Division, that sought a declaratory judgment concerning provisions of Cianflona's amended trust and will. Plaintiffs alleged improper self-dealing, and undue influence or conflict of interest by Edward Lombardo, who allegedly drafted the trust and will. Plaintiffs also claimed Cianflona's amended trust should be construed as having been modified in a manner consistent with her will. More particularly, in a will created after the trust, Cianflona made a testamentary disposition to The Salvation Army in the amount of $5,000. Plaintiffs alleged that the provisions of Cianflona's amended trust should be construed so that a disposition from the amended trust to The Salvation Army would be reduced from one-half the residuary estate to the sum of $5,000.
On December 23, 1999, plaintiffs filed a "Motion for Default/Summary Judgment" against The Salvation Army because it failed to file an answer or motion in response to plaintiffs' complaint. The Attorney General responded, noting among other arguments, that plaintiffs "have not presented any evidence they are entitled to * * * summary judgment on the issue of undue influence." On January 24, 2000, a magistrate found that "irrespective of the motion before the Court, the Court must still construe the meaning of the Will and Trust in question." Accordingly, the magistrate ordered plaintiffs to submit a brief "as to the interpretation of the Will and Trust," with opportunities given for a response, reply and surrebuttal.
In his decision of June 5, 2000, the magistrate determined that the issues in this matter were "whether the will and trust should be construed against the Salvation Army in that they failed to timely file an Answer, [and] whether the trust was revoked and, to what, if anything, is the Salvation Army entitled." (Magistrate Dec., 4.) The magistrate concluded that the decedent's will should be construed as leaving $5,000 to The Salvation Army and the trust should be construed as leaving fifty percent of the remainder to The Salvation Army. Lastly, the magistrate determined the trust was "in effect at the death of the decedent and the distribution of the trust is pursuant to the November 3, 1993 amendment as opposed to the original provision pouring the trust assets into the will for distribution from the estate." (Magistrate Dec., 6.) The magistrate made no determination concerning plaintiffs' allegations of undue influence, improper self-dealing, or conflict of interest by Edward Lombardo.
Plaintiffs timely objected to the magistrate's decision. In an entry filed December 27, 2000, the Franklin County Probate Court adopted the magistrate's findings of fact, "sustained" the magistrate's decision, and overruled plaintiffs' objections. The court's judgment did not determine plaintiffs' allegations of undue influence, improper self-dealing, or conflict of interest by Edward Lombardo.
On January 24, 2001, plaintiffs filed a notice of appeal, assigning the following assignments of error:
 I. THE PROBATE COURT IMPROPERLY DEPRIVED APPELLANTS OF A TRIAL ON THEIR COMPLAINT IN VIOLATION OF THEIR STATUTORY AND CONSTITUTION [sic] RIGHTS.
 II. THE PROBATE COURT ERRED BY HOLDING THAT APPELLANTS' EVIDENCE, DEMONSTRATING THAT DECEDENT ORALLY MODIFIED THE TESTAMENTARY DISPOSITIONS OF HER TRUST, WAS INADMISSIBLE BY OPERATION OF THE PAROL EVIDENCE RULE.
 III. THE COURT BELOW ERRED BY OVERRULING APPELLANTS' MOTION FOR DEFAULT/SUMMARY JUDGMENT.
 IV. AS A MATTER OF LAW, MS. CIANFLONA'S AMENDMENTS TO HER TRUST IN 1993 SHOULD NOT HAVE EFFECTED [sic] THE PREVIOUS DISPOSITIONS REGARDING THE CORPUS OF HER TRUST.
We are unable to consider the assignments of error because we lack subject matter jurisdiction.
Subject matter jurisdiction may be raised sua sponte by an appellate court. State ex rel. White v. Cuyahoga Metro. Hous. Auth. (1997),79 Ohio St.3d 543, 544. Appellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts. Section 3(B)(2), Article IV, Ohio Constitution. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, General Acc. Ins. Co. v. Insurance Co. of North America (1989), 44 Ohio St.3d 17, 20, and the matter must be dismissed. Renner's Welding and Fabrication, Inc. v. Chrysler Motor Corp. (1996), 117 Ohio App.3d 61, 64.
To determine whether a judgment is final, an appellate court engages in a two-step analysis. First, an appellate court must determine if the order is final pursuant to R.C. 2505.02. If an appellate court determines that the order complies with R.C. 2505.02 and is final, then the court must determine if Civ.R. 54(B) language is required. General Acc. Ins. Co., supra, at 21. To be a final appealable order, a court order must meet the requirements of both R.C. 2505.02 and Civ.R. 54(B), if applicable. Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, syllabus; Renner's Welding, supra, at 65.
R.C. 2505.02(B) provides, in part, that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following: (1) [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment; [or] (2) [a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]" Here, plaintiffs appeal from a decision in a declaratory judgment action. A declaratory judgment action has been considered a special proceeding under R.C. 2505.02. General Acc. Ins. Co., at 22 ("A declaratory judgment action is a special proceeding pursuant to R.C. 2505.02 and, therefore, an order entered therein which affects a substantial right is a final, appealable order"). More recently, however, the Supreme Court in Stevens v. Ackman (2001),91 Ohio St.3d 182, 187, instructed that "the underlying action must be the focus of the inquiry." (Emphasis sic.) See, also, In Re: Cuyahoga County Asbestos Cases (1998), 127 Ohio App.3d 358 . Accordingly, Stevens suggests R.C. 2505.02(B)(1) would be the relevant statutory provision because an action to construe a will was recognized at common law. See Huntington v. Neil (1931), 10 Ohio Law Abs. 25; Clark v. Clark (1924),110 Ohio St. 644.
We need not determine whether the present appeal meets the requirements of R.C. 2505.02(B)(1) or (B)(2). Even if the trial court's order falls under the parameters of one of those provisions, the trial court's order did not dispose of all of plaintiffs' claims, and thus implicates Civ.R. 54(B), which provides:
 When more than one claim for relief is presented in an action whether as a claim, counter- claim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
Here, plaintiffs have alleged improper self-dealing, undue influence or conflict of interest by Edward Lombardo. Plaintiffs also have claimed that Cianflona's amended trust should be construed as having been modified in a manner consistent with Cianflona's will. In its judgment, the probate court only addressed the claims relating to the construction of the language of Cianflona's will and trust; it did not address plaintiffs' claims of undue influence.
In General Acc. Ins. Co., the Ohio Supreme Court noted that "[i]f a court enters final judgment as to some but not all of the claims and/or parties, the judgment is a final appealable order only upon the express determination that there is no just reason for delay." Id. at 22. Here, the probate court did not make an express determination that there was no just reason for delay as required by Civ.R. 54(B). The probate court's judgment thus is not a final appealable order. General Acc. Ins. Co.; Chef Italiano, supra.
Because the probate court's order is not a final appealable order pursuant to R.C. 2505.02 and Civ.R. 54(B), we do not have jurisdiction to consider this action on appeal. Accordingly, this action is dismissed for lack of jurisdiction.
TYACK and PETREE, JJ., concur.