ALSOP ET AL., APPELLANTS, *v.* HEATER ET AL., APPELLEES.

[Cite as Alsop v. Heater (1975), 45 Ohio App. 2d 201.]

(No. C-74492—Decided September 15, 1975.)

*Mr. Peter Ulbrich,* for appellants.
*Mr. Robert R. Lowery,* for appellees.

BUZZARD, J. On March 12, 1970, plaintiffs, the appellants herein, agreed in writing to purchase certain real estate from the defendants. On March 15, 1973, the parties entered into another contract concerning the same real estate. At the time of the second contract, plaintiffs had paid $3,450 of the $5,000 purchase price. Sometime thereafter, defendants repossessed the property without judicial action.

Plaintiffs filed their complaint for a Declaratory Judgment, praying for a declaration of their rights under the two contracts and for specific performance. Defendants, the appellees, answered and likewise requested a declaration of their rights.

Upon a trial to the court, and at the conclusion o plaintiffs' evidence, defendants moved for a directed verdict and the motion was granted. The judgment entry of the court reads:

"* * * The court, after giving due consideration thereof finds such motion to be well taken and grants the sam Wherefore, judgment is granted for defendants at plain tiffs' costs * * *."

It is noted that the judgment makes no declaration of the rights of any of the parties as contemplated by R. C. 2721.01 et seq. and particularly R. C. 2721.03 and 2721.04. Plaintiffs assign as error the action of the court in granting a judgment for defendants at the conclusion of plaintiffs' case and that the judgment was contrary to law.

Plaintiffs point out in their brief that if the court declared these contracts to be land installment contracts, they would be entitled to the remedy and relief provided in R. C. Chapter 5313. We think the motion for a directed verdict was inappropriate. The form now provided is for a dismissal. Civil Rule 41(B). But, even if a motion for dismissal had been filed it would have been incumbent upon the court to determine if a justiciable issue had been made which required the court to make a declaration as to the rights of the parties. We find that there was such an issue made and the court should have proceeded to make a declaration of the rights of the parties rather than dismiss the case and render a judgment for the defendant at that point.

This court, at an earlier time, had before it the question of the application of a demurrer to a petition in a Declaratory Judgment action. The court there found that the petition stated a cause of action under the Declaratory Judgment Act, and then stated:

"This does not mean that the plaintiff has stated facts entitling him to a declaration of rights as he claims them to be, but it means that the court is required to state what rights, if any, the plaintiff has under the facts stated. If the plaintiff is entitled to no relief under those facts, the court must so state." *Bruckman* v. *The Bruckman Co.*, 60 Ohio App. 361.

We find that the assignment of error is well taken and the judgment is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

*Judgment reversed.*

CRAWFORD, P. J., and WHITESIDE, J., concur.

WHITESIDE, J., of the Tenth Appellate District, sitting by designation in the First Appellate District. CRAWFORD, J., retired, of the Second Appellate District, and BUZZARD, J., retired, of the Court of Common Pleas of Columbiana County, assigned to active duty, under authority of Section 6(C), Article IV, Constitution, in the First Appellate District.