OPINION JUDGMENT ENTRY
{¶ 1} On December 27, 1996, appellee, Howard Bettis, was injured in an automobile accident caused by an uninsured motorist. At the time of the accident, appellee was employed by Republic Engineered Steels, insured under a commercial auto policy and a commercial general liability policy issued by appellant, National Union Fire Insurance Company.
 {¶ 2} In January of 2001, appellee notified National Union he was seeking uninsured motorist benefits pursuant toScott-Pontzer v. Liberty Mutual Fire Insurance Co.,85 Ohio St.3d 660, 1999-Ohio-292.
 {¶ 3} On June 22, 2001, appellee filed a complaint for declaratory judgment against National Union, among others, seeking benefits under the uninsured motorist provisions of the policies. Appellee requested binding arbitration, prejudgment interest, attorney fees and costs.
 {¶ 4} On October 1, 2001, appellee filed a motion for default judgment based upon National Union's failure to answer. On October 11, 2001, counsel for National Union filed a notice of appearance as well as a motion seeking "additional time to file a response in this case." On October 15, 2001, National Union filed a motion for leave to file an answer and an answer.
 {¶ 5} By judgment entry filed November 7, 2001, the trial court denied National Union's motion for leave to file an answer, and granted appellee's motion for default. Pursuant to a judgment entry filed December 21, 2001, the trial court ordered the matter to binding arbitration.
 {¶ 6} By report filed October 3, 2003, the arbitrators found in favor of appellee in the amount of $625,000. By judgment entry filed June 9, 2003, the trial court setoff $100,000 previously received by appellee from another insurance company, and awarded appellee $525,000 plus prejudgment interest from December 18, 2003, and post-judgment interest.
 {¶ 7} National Union filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 8} "The trial court erred in granting default judgment, when the record demonstrated that service was never properly perfected upon appellant, and the trial court's entry of November 7, 2001, and all subsequent entries based upon that entry must be reversed and vacated as void ab initio."
 II {¶ 9} "The trial court erred as a matter of law in awarding judgment by default in a declaratory judgment proceeding without a hearing and ordering the case to binding arbitration, particularly when the allegatons in the complaint were not on their face sufficient to support a finding of coverage, and without reviewing the pertinent policies of insurance, without making an independent legal determination as to the rights and obligations of the parties under the contracts, and without considering or permitting appellant to address issues regarding pro-rata contribution and priority of coverage."
 III {¶ 10} "The trial court erred in refusing to grant leave to appellant to file an answer to plaintiff's complaint and awarding default judgment against appellant without a hearing, when appellant presented evidence setting forth operative facts that would have justified relief, including evidence of meritorious coverage defenses, excusable neglect under 60(b)(1) and other 60(b)(5) factors, and timeliness of its motion."
 I {¶ 11} National Union claims the trial court erred in entering default judgment as service of the complaint was never perfected.
 {¶ 12} The complaint names National Union as a defendant in care of "Robert A. Buffum of AIG Claims Services, Inc." with AIG's address, P.O. Box 3021, Blue Bell, Pennsylvania, 19422. The complaint was served by certified mail, return receipt requested, and service was perfected on June 28, 2001.
 {¶ 13} National Union argues it is a separate corporation incorporated in Pennsylvania and having its principle place of business in New York City. AIG Claims Services, Inc. is a separate entity, incorporated in Delaware and also having its principle place of business in New York. The complaint was sent to the Blue Bell, Pennsylvania address.
 {¶ 14} Mr. Buffum submitted an affidavit to the court in which he concedes he dealt with appellee's claim. Mr. Buffum alleges he handles claims for multiple insurance companies affiliated with AIG, and therefore acts as their agents, although he is not general or managing agent of these companies for purposes of service. Mr. Buffum states he fully intended to obtain information about the case and to defend. He also alleges he is not certain how or why counsel did not receive the complaint sooner.
 {¶ 15} On October 1, 2001, appellee filed his motion for default judgment. National Union filed a notice of appearance on October 11, 2001, and on October 15, 2001, filed a motion for leave to file an answer and an answer. On November 7, 2001, the trial court denied the motion for leave to plead and entered default judgment against National Union. National Union did not file an appeal at this time. On December 21, 2001, the trial court ordered the parties to binding arbitration. After the arbitration panel returned its report and award, appellee moved the trial court to confirm the arbitration award and reduce it to judgment. The trial court noted the matters before the arbitration panel were proximate cause and damages.
 {¶ 16} As an added problem, appellee did not have complete certified copies of the National Union insurance policies attached to his complaint. Instead, he attached an unauthenticated copy of a declaration page. With his motion for default judgment, appellee attached unauthenticated declaration pages and an unauthenticated document entitled "Ohio Uninsured Motorist Coverage-Property Damage" which bore the number of one of the policies National Union had issued. National Union argues the policies were never filed with the trial court prior to the default judgment and hence there was no documentation before the trial court supporting a finding of coverage in favor of appellee as against National Union.
 {¶ 17} In its November 7, 2001 judgment entry, the trial court found National Union had notice of the claim prior to the filing of the complaint. National Union provided Mr. Buffum with the notice and authorized him to act as their representative in dealing with the claim. The trial court reviewed a letter dated February 28, 2001 from Mr. Buffum to appellee's counsel. The letter is three pages long, and asserts AIG Claims Services, Inc. is an authorized representative of National Union Fire Insurance Company of Pittsburgh, Pennsylvania, and refers thereafter in the letter to National Union as "The Company." The letter requests information about the motor vehicle accident and about appellee's injuries. The last section of the letter is "The Insurance Company's Position." The letter specifically states that by accepting notice of the claim and proceeding with its investigation, the company, i.e., National Union, is reserving its rights based upon the terms, conditions, exclusions, and definitions found within its policies. The statement closes with the request for any additional information which appellee feels would assist in the investigation and determination.
 {¶ 18} Based upon the evidence presented, the trial court found National Union was properly served with a copy of the complaint because appellee served its agent. The trial court further found National Union had not demonstrated excusable neglect in failing to plead or otherwise defend.
 {¶ 19} Civ. R. 4.2 sets forth specific rules regarding who may be served and provides for service of process on a corporation by one of three methods: "by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation by certified or express mail at any of its usual places of business; or by serving an officer or a managing or general agent of the corporation."
 {¶ 20} In Akron-Canton Regional Airport Authority v.Swinehart (1980), 62 Ohio St.2d 403, the Supreme Court of Ohio found service of process may be made to an individual's business address as long as service comports with the requirement of due process. However, certified mail service on a landowner at a business at which the landowner did not maintain an office and at which he only sporadically visited was not made in a manner reasonably calculated to reach the landowner and thus did not comport with due process. Due process requires notice be reasonably calculated, under all the circumstances, to reach the interested parties. The Supreme Court noted certified mail service sent to a business address may comport with due process if the circumstances are such that successful notification could reasonably be anticipated. Swinehart at 406.
 {¶ 21} National Union argues it does not maintain a usual place of business at the P.O. Box address. However, the corporation clearly transacts a portion of its business in the offices of its agent, AIG Claims Services, Inc. Further, Mr. Buffum's letter and his affidavit indicate although he is not a general or managing agent of National Union for purpose of service, he understood what the complaint was and did not know why the complaint did not get to defense counsel sooner. In fact, Mr. Buffum states he fully intended to answer and defend.
 {¶ 22} Service on a senior claims adjuster acting as an authorized representative of the defendant insurance company is reasonably calculated to reach the insurance company.
 {¶ 23} Upon review, service of the complaint was sufficient in this case.
 {¶ 24} Assignment of Error I is denied.
 II {¶ 25} Appellant claims the allegations contained in the complaint were insufficient to support the finding of coverage and the resolution of the declaratory judgment action via a motion for default.
 {¶ 26} Pursuant to established case law, in rendering a decision on a declaratory judgment action, a trial court must indicate if a justiciable issue has been made, requiring a declaration of rights; a simple dismissal without "setting forth any construction of the document or law under consideration" is error. Waldeck v. City of North College Hill (1985),24 Ohio App.3d 189, 190, quoting Kramer v. West American Ins. Co.
(October 6, 1982), Hamilton App. Nos. C-810829 and -810891, at page 4; see also, Alsop v. Heater (1975), 45 Ohio App.2d 201. The very language of the declaratory judgment statute, R.C.2721.02, states trial courts "may declare rights, status, and other legal relations whether or not further relief is or could be claimed."
 {¶ 27} The trial court's judgment entry of November 7, 2001 does not set forth the rights to be determined, the contractual status of the parties or any other legal relation. Instead, the entry centers on the right of default for failure to answer and the lack of excusable neglect to afford Civ.R. 60(B) relief. The trial court disposes of the declaratory judgment action in one sentence with no citation to the law on the issue or reference to the contract:
 {¶ 28} "Therefore, it is hereby ORDERED, ADJUDGED and DECREED that the motion for default judgment against Defendant, National Union, is hereby GRANTED and National Union's motion for leave to file an answer is hereby DENIED."
 {¶ 29} The trial court is not specifically at fault for the error because the amended complaint and the default judgment motion did not have attached a copy of the contract to be interpreted. In declaratory judgment actions, mere averments in the pleading are insufficient.[1] The trial court must be provided with the contract it is attempting to interpret and resolve the rights contained therein.
 {¶ 30} Upon review, the judgment entry of default is reversed and the matter is remanded to the trial court for an interpretation of the contract.
 {¶ 31} Assignment of Error II is granted.
 III {¶ 32} Based upon the decision in Assignment of Error II, this assignment is moot.
 {¶ 33} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part, reversed in part and remanded.
Gwin, P.J. concurs in part and Edwards, J. concurs in part.
[1] As stated supra, the motion for default judgment included unauthenticated declaration pages and what purports to be the uninsured/underinsured motorist endorsement of the Business Auto policy, but not the underlying policy which could or could not afford coverage under Scott-Ponzer and the various cases in this district.