JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Gary Payne, appeals the jury's verdict that he was negligent in causing a motor vehicle accident in which plaintiff, Grady McKenzie and co-plaintiff, Ruby Stover, were injured.
 {¶ 2} Before addressing the assignments of error, however, we must first determine whether there is a final appealable order to satisfy R.C. 2505.02[1] and Civ. R. 54(B). Plaintiff has raised this issue in his pending motion to dismiss.
 {¶ 3} Relevant to the case at bar is plaintiffs' amended complaint (the "complaint"). In that pleading, Grady and Stover alleged that they suffered personal injuries caused by defendant's negligence.[2] The complaint included claims by Grady's spouse and co-plaintiff, Eddy McKenzie, for property damage[3] and loss of consortium. Plaintiffs also included a third-party complaint in which they asserted that defendant was an underinsured driver. Plaintiffs added Geico Insurance Company as a third-party defendant because, when the accident occurred, Geico was Grady's underinsured motor vehicle carrier.
 {¶ 4} Just before trial, the parties entered into a Stipulated Agreement and Order of the Trial Court in which the parties agreed that the trial would be on the issue of liability only as between Grady and defendant. The agreement also stated:
{¶ 5} "It is further stipulated that all claims against Geicofor underinsured motorist coverage shall be determined by asubsequent proceeding in which right to trial by jury on behalfof any party shall be preserved. It is further stipulated thatplaintiff Grady McKenzie has settled and released NationwideProtective Service without prior notice to Geico. All partiesagree and stipulate that third-party defendant Geico shall begranted leave to amend its Answer to assert impairment ofsubrogation rights as a defense, and leave to file a claimagainst Nationwide Protective Service seeking to assert claimsagainst Nationwide Protective Service for indemnification,contribution, declaratory judgment, and respondeat superiorliability. It is the order of this Court that Geico bebifurcated, that leave be given to Geico to amend its Answer asset forth in this stipulation, and that all such proceedingsshall be held subsequent to the liability only determinationbetween plaintiff and defendant."
 {¶ 6} The case proceeded to a jury trial on the sole issue of liability. The jury returned a verdict finding Grady 5% negligent and Payne 95 percent negligent. The trial court then issued a Civ.R. 54(B) entry stating there was "no just cause for delay" of this appeal.
 {¶ 7} "An order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 in order to be final and appealable." Noble v. Colwell (1989),44 Ohio St.3d 92, at syllabus. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed. Noble, at 94.
 {¶ 8} In State ex rel. White v. Cuyahoga Metro. Hous. Auth.
(1997), 79 Ohio St.3d 543, 546, 1997-Ohio-366, 684 N.E.2d 72, the Ohio Supreme Court stated that generally "orders determining liability in the plaintiffs' * * * favor and deferring the issue of damages are not final appealable orders under R.C. 2505.02
because they do not determine the action or prevent a judgment." Id. None of the other requirements set forth in R.C. 2505.02 are applicable either. State ex rel. White v. Cuyahoga Metro. Hous.Auth. (1997), 79 Ohio St.3d 543, 1997-Ohio-366, 684 N.E.2d 72. Because the trial court bifurcated the issues of liability and damages in this case, there is no final appealable order.
 {¶ 9} Further, even if Civ.R. 54(B) language has been used by the trial court, the finding of liability is not a final appealable order, because, although the issue of liability was determined, a factual adjudication of relief was left unresolved.Noble v. Colwell (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381.
 {¶ 10} Civ.R. 54(B) provides:
{¶ 11} "When more than one claim for relief is presented in anaction whether as a claim, counterclaim, cross-claim, orthird-party claim, and whether arising out of the same orseparate transactions, or when multiple parties are involved, thecourt may enter final judgment as to one or more but fewer thanall of the claims or parties only upon an express determinationthat there is no just reason for delay. In the absence of adetermination that there is no just reason for delay, any orderor other form of decision, however designated, which adjudicatesfewer than all the claims or the rights and liabilities of fewerthan all the parties, shall not terminate the action as to any ofthe claims or parties, and the order or other form of decision issubject to revision at any time before the entry of judgmentadjudicating all the claims and the rights and liabilities of allthe parties."
 {¶ 12} In the case at bar, unadjudicated claims remain against various parties. First, the trial court never addressed the merits of plaintiff, Eddy McKenzie's loss of consortium claim. Lee v. Joseph Horne Co. (1995), 99 Ohio App.3d 319,650 N.E.2d 530. Second, plaintiffs' underinsured coverage claim remains pending against Geico. These claims are not rendered moot by the jury's verdict nor are they fully resolved by entry of judgment on that verdict.
 {¶ 13} Despite the parties' stipulated agreement, two of plaintiffs' claims remain pending. The trial court's order, therefore, even though it included Civ.R. 54(B) language, did not create a final appealable order from which an appeal can be taken. The jury's verdict, therefore, remains an interlocutory order rather than a final appealable order and jurisdiction remains with the trial court.
 {¶ 14} Pursuant to R.C. 2505.02 and Civ. R. 54(B), this court does not have jurisdiction to consider this action on appeal. {¶15} Accordingly, this appeal is dismissed.
Appeal dismissed.
McMonagle and Calabrese, Jr., JJ., concur.
It is ordered that appellee recover from appellant costs herein taxed.
It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] R.C. 2505.02(B) provides:
An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
(3) An order that vacates or sets aside a judgment or grants a new trial;
(4) An order that grants or denies a provisional remedy and to which both of the following apply:
(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
(5) An order that determines that an action may or may not be maintained as a class action.
[2] Grady and Stover were riding in a motor vehicle owned by co-plaintiff, Eddy McKenzie. Grady was driving and Stover was a passenger.
[3] He is the owner of the vehicle driven by Grady when the accident occurred.