JOURNAL ENTRY and OPINION
{¶ 1} Appellant, Frank Culkar ("Culkar"), appeals the trial court's decision granting summary judgment to appellees, the Village of Brooklyn Heights and the Village of Brooklyn Heights' Board of Zoning Appeals (collectively referred to as "appellees"). For the following reasons, we dismiss Culkar's appeal for lack of a final appealable order.
 {¶ 2} On numerous occasions since 1986, Culkar has applied for variances from the Village of Brooklyn Heights (the "Village") to build a mini-storage facility on his property. The Village denied most, if not all, of Culkar's applications and the Board of Zoning Appeals ("BZA") denied Culkar's appeals. Culkar filed administrative appeals and declaratory judgment actions with respect to each denial, but did not prevail.
 {¶ 3} In 2002, Culkar again sought a variance from the Village to build a mini-storage facility on his property, which was denied by the Village's building inspector because, among other things, Culkar's application failed to specify a permitted main use under Section 1276.02 of the Village's zoning code. The BZA denied Culkar's appeal and Culkar filed a complaint for declaratory judgment,[1] seeking a declaration that Section 1276.02 is unconstitutional, and also filed an administrative appeal, alleging that the BZA's denial of his application was arbitrary, unreasonable, and not consistent with the public health, safety, or welfare of the Village's zoning code. Upon Culkar's motion, the trial court consolidated both the declaratory judgment action and the administrative appeal.
 {¶ 4} The trial court granted appellees' motion for summary judgment, opining in full as follows:
 {¶ 5} "Motion for summary judgment of Defendants-Appellees filed 11/17/03 is granted. The Court finds that the Village of Zoning Appeals decision was not contrary to the standards of law."
 {¶ 6} Culkar now appeals, asserting four assignments of error. However, this court is without appellate jurisdiction to review these assigned errors because the trial court did not expressly declare the rights and obligations of the parties, as required in a declaratory judgment action.
 {¶ 7} It is well established that "a court fails to fulfill its function in a declaratory judgment action when it disposes of the issues by journalizing an entry merely sustaining or overruling a motion for summary judgment without setting forth any construction of the document or law under construction."Accent Group, Inc. v. Village of North Randall, Cuyahoga App. No. 80890, 2002-Ohio-5349, ¶ 9; Waldeck v. City of North CollegeHill (1985), 24 Ohio App.3d 189, 190, 493 N.E.2d 1375, quotingKramer v. West American Ins. Co. (Oct. 6, 1982), Hamilton App. Nos. C-810829 and C-810891.
 {¶ 8} Here, the trial court failed to make any declaration regarding the constitutionality of Section 1276.02 of the Village's zoning code and failed to make any declaration of the rights and obligations of Culkar and the appellees. Even if this court were to construe the trial court's journal entry granting summary judgment as determining that the BZA's decision was not arbitrary, unreasonable, or inconsistent with the public health, safety, or welfare of the Village's zoning code ("not contrary to law"), the constitutionality of Section 1276.02 of the Village's zoning code remains unresolved by the trial court. Culkar sought two separate claims for relief and it is not apparent from the record which relief, if any, was ruled upon. Because this court declines to speculate about how the trial court reached its decision and will not make the declarations the trial court should have made, this court is without appellate jurisdiction as there is no final appealable order. See Bella Vista Group, Inc.v. City of Strongsville (Sept. 6, 2001), Cuyahoga App. No. 78836.
 {¶ 9} Dismissed.
 {¶ 10} This appeal is dismissed.
It is, therefore, ordered that said appellees recover of said appellant their costs herein taxed.
It is ordered that a special mandate be sent to the Common Pleas Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., and Sweeney, J., concur.
[1] Culkar's complaint for declaratory judgment was amended, pursuant to the trial court granting him leave, to include the Attorney General of the State of Ohio, Jim Petro, as a party defendant pursuant to R.C. 2721.12.