JOURNAL ENTRY AND OPINION
{¶ 1} Two plaintiffs,[1] the Cleveland Patrolman's Association, along with William Gonzalez, taxpayer,[2] appeal the trial court denying their request for a declaratory judgment[3] and permanent injunctive relief[4] against defendants, Mayor Jane Campbell, the City of Cleveland, the Civil Service Commission for the City of Cleveland, and Safety Director James Draper.
 {¶ 2} In their verified complaint, four plaintiffs jointly sought a declaration of the parties' mutual rights and obligations under their collective bargaining agreements. Specifically, plaintiffs sought a declaration that defendants breached the collective bargaining agreements in deciding to institute the layoffs without first fulfilling their duty to bargain as specified in the agreements. Plaintiffs further argued that the intended layoffs, if they occur, are a material breach of the same collective bargaining agreements. Pursuant to those same agreements, plaintiffs requested an injunction to permanently restrain defendants from laying off 263 City of Cleveland patrol officers and 150 fire fighters. Plaintiffs argued that the layoffs constituted a violation of Ohio law and a breach of the parties' collective bargaining agreements. On January 7, 2004, the trial court held an evidentiary hearing in which the parties presented evidence in support of their respective positions. On January 12, 2004, the trial court without opinion denied the plaintiffs' joint "motion for equitable relief,"[5] namely, their request for injunction. Plaintiffs had also requested a declaratory judgment in which they wanted the court to determine the rights and liabilities of the parties pursuant to their collective bargaining agreements on the issue of the impending layoffs. The court did not dispose of the request for declaratory judgment. This appeal followed, in which appellants assert the following assignments of error:
I. The trial court abused its discretion in holding that it did not have the authority to fashion an equitable remedy to the circumstances present.
II. The trial court abused its discretion when it applied the wrong standard of review in considering the complaint.
III. irrespective of the standard to be applied, the trial court erred in denying plaintiffs [sic] request for injunctive and/or declaratory relief.[6]
 {¶ 3} An order of an inferior court is a final, appealable order only if the requirements of R.C. 2505.02[7] and Civ.R. 54(B), if applicable, are met. Haberley v. Nationwide Mut. Fire Ins. Co. (2001),142 Ohio App.3d 312, 755 N.E.2d 455; Chef Italiano Corp. v. Kent StateUniversity (1989), 44 Ohio St.3d 86, 541 N.E.2d 64.
 {¶ 4} Civ. R. 54(B), provides: When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. * * *
 {¶ 5} Civ.R. 54(B) language, alone, will not create a final appealable order if the claims or rights of remaining parties are unresolved.McKenzie v. Payne, Cuyahoga App. No. 83610, 2004-Ohio-2341.
 {¶ 6} If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed. Id. Even if the jurisdictional issue is not raised by the parties to an appeal, this court is, nonetheless, required to raise it on its own motion. Bautista v. Kolis, 142 Ohio App.3d 169, 2001-Ohio-3159,2001-Ohio-3240, 754 N.E.2d 820.
 {¶ 7} In a declaratory judgment action, the trial court has a duty to construe the document under consideration and thereafter declare the rights of the parties under that document. R.C. 2721.01 et seq. The failure to expressly declare the rights of the parties constitutes error because no final order is created. Culkar v. Village of BrooklynHeights, et al., Cuyahoga App. No. 84276, 2004-Ohio-5392; Alsop v.Heater (1975), 45 Ohio App.2d 201, 342 N.E.2d 698. This court has previously stated: "The purposes of Civ.R. 54(B) are `* * * to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals * * * as well as to ensure that parties to such actions may know when an order or decree has become final for purposes of appeal * * *.'" (citations omitted.) Mackey v. City of Cleveland, (Sept. 16, 1993), Cuyahoga App. Nos. 63741/63752, 1993 Ohio App. LEXIS 4414, at *8 and *9.
 {¶ 8} In the case at bar, the trial court never disposed of plaintiffs' joint request for declaratory judgment. See, Hall v.Strzelecki, Cuyahoga App. No. 80097, 2002-Ohio-2258. This case, therefore, lacks a final appealable order to give this court jurisdiction in this matter.
 {¶ 9} There is yet another reason to conclude that this court does not have jurisdiction of this appeal for lack of a final appealable order. Contrary to appellants' argument, the Fire Fighters are still plaintiffs in this case. In their brief here on appeal, appellants state that the Fire Fighters are no longer party plaintiffs in this case because, prior to the hearing on January 7th, they settled with defendants and voluntarily dismissed their claims. The trial court's docket, however, does not reflect any dismissal. Nor does the court's docket show a final settlement between the Fire Fighters and defendants. The court's docket shows the following entries:
12/19/2003 N/A JE as of 12/18/03; Agreement reached by the Association of Cleveland Fire Fighters, Local 93 of The International Association of Fire Fighters and the City of Cleveland Subject to Union Ratification. ifnot ratified, Trial Set for 01/07/04 at 8:30 a.m. Book 3041 Page 0522 12/19/2003 notice issued
* * *
01/12/2004 N/A JE hearing held in open Court on 1/7/04 and 1/8/04.Plaintiff's Motion for Equitable Relief is Denied. Court Cost assessed to the plaintiff(s). Book 3050 Page 0623 01/12/2004 Notice issued
* * *
02/03/2004 P1 CA Notice of Appeal Ca No. 84148 notice of appeal filedby the pltf. Appellant W/A 9B Praecipe and Docketing Statement on the Regular Calendar. Copies mailed.
* * *
03/30/2004 P1 MO Plaintiff(s) Association of Cleveland FirefightersLocal 93(P1) and Robert Fisher (P2) Motion to Show cause and request for preliminary and permanent Injunction. W Joseph W Diemert 0011573
* * *
04/05/2004 N/A JE hearing on preliminary and permanent injunction set for 6/28/04 at 9:00 a.m. book 3096 page 0540 04/05/2004 notice issued
* * *
08/02/2004 N/A JE The Court denies the plaintiff's motion to show cause and request for preliminary and permanent injunction.see attached enty. Book 3162 page 0222-0226 08/02/2004 notice issued (Emphasis added.)
 {¶ 10} The entry dated December 19, 2003, demonstrates that the Fire Fighters' purported agreement with the defendants was "SUBJECT TO UNION RATIFICATION." The entry further specifies that should the agreement not be ratified a trial would take place on January 7, 2004. A hearing subsequently occurred on January 7th and 8th. The docket does not report that ratification ever occurred.[8]
 {¶ 11} In any event, there is no evidence that the Fire Fighters or Robert Fisher ever dismissed their claims against the defendants in this case. Accordingly, when the trial court denied "plaintiff's" [sic] request for equitable relief, the Fire Fighters and Fisher's claims were still part of this case. That the Fire Fighters and Fisher remain in this case as plaintiffs and their claims unresolved is further demonstrated by the appeal they brought on August 25, 2004,[9] subsequent to the appeal in the case at bar.
 {¶ 12} There are still other problems demonstrating the lack of a final appealable order. The journal entry of January 12th is ambiguous because it denied what the docket describes as "plaintiff's" motion for equitable relief. There are two problems with this journal entry. First, in this case four plaintiffs jointly filed one complaint that included a request for equitable relief. The trial court apparently was treating it, in part, as a motion. However, the journal entry ruled only on "plaintiff's" motion, not plaintiffs' motion. It is not clear which of the four plaintiffs is being addressed in this order.
 {¶ 13} Another problem is that at the January 7th and 8th hearing only two plaintiffs were present: Gonzalez and the Patrolman's Association. So we have the ambiguity of the journal entry and also the failure of some parties to be present at a hearing on a motion derived from a request for declaratory judgment made by all four plaintiffs.
 {¶ 14} The ambiguity continues in the court's journal entry of February 3rd, which states, "Notice of Appeal filed by the plaintiff." Again there is no indication in the docket which plaintiff is being referred to. However, two parties were not present at the hearing on the motion for equitable relief, apparently on the assumption that they had reached a contingent settlement agreement, which the record does not show was ever finalized. The docket shows the case proceeded below with those parties absent at the hearing, who separately appealed later. The court moreover, never ruled on the request for declaratory judgment.
 {¶ 15} For the foregoing reasons, we conclude that when the trial court denied "plaintiff's [sic] motion for equitable relief," it did not dispose of all the claims or parties. The result, for purposes of this appeal, is the lack of a final appealable order. Sua sponte, we dismiss this appeal for lack of jurisdiction. Appeal dismissed.
It is ordered that appellees recover of appellants their costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, JR., P.J., and George,* J., Concur.
[1] According to appellants, The Association of Cleveland Fire Fighters, Local 93, IAFF, ("Fire Fighters") and Robert Fisher were originally party plaintiffs in this case. Appellants contend that the Fire Fighters and Fisher voluntarily dismissed their claims after they entered into a settlement with defendants. Appellants' account of what occurred in the trial court with the Fire Fighters and Fisher is discussed further on in this opinion.
[2] Mr. Gonzalez is suing in his capacity as a resident taxpayer pursuant to R.C. 733.59.
[3] R.C. 2721 et seq., is that section of the revised code that authorizes a declaratory judgment action.
[4] The word `taxpayer' as used in Section 733.59, Revised Code, contemplates and includes any person who, in a private capacity as a citizen, elector, freeholder or taxpayer, volunteers to enforce a right of action on behalf of and for the benefit of the public * * *." State exrel. Fisher v. City of Cleveland, Cuyahoga App. No. 83945, 2004-Ohio-4345, Appeal granted by State ex rel. Fisher v. Cleveland, 2005 Ohio LEXIS 33 (Ohio, Jan. 26, 2005), citing State ex rel. Nimon v. Village ofSpringdale (1966), 6 Ohio St.2d 1, 215 N.E.2d 592, paragraph two of the syllabus.
[5] The trial court gave a brief explanation at the hearing. Tr. 611-613.
[6] Plaintiffs requested the city be enjoined while they filed an unfair labor practice charge with SERB. We do not address who has jurisdiction on this matter.
[7] A declaratory judgment action is a special proceeding pursuant to R.C. 2505.02. An order that is entered in such a proceeding and that affects a substantial right is a final appealable order. See, GeneralAcc. Ins. Co. v. Insurance Co. of North America (1989), 44 Ohio St.3d 17,540 N.E.2d 266.
[8] Docket Entries of March 30th, April 5th, and August 2nd, 2004. All these motions and court entries were made after this appeal was filed on February 3, 2004.
[9] The trial court's docket reads as follows:
08/25/2004 P1 CA ___ Notice of Appeal ___ CA NO. 85163 Notice of Appeal Filed by the Pltf. Appellant W/A 9A Praecipe and Docketing Statement on the Regular Calendar. Copies mailed. N/A.
* Sitting by Assignment: Judge Joyce J. George, Retired, of the Ninth District Court of Appeals.