[Cite as *Can-Do Promotions, Inc. v. Hammer*, 2011-Ohio-3808.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| CAN-DO PROMOTIONS, INC. | : | William B. Hoffman, P.J. |
|  | : | John W. Wise, J. |
| Plaintiff-Appellant | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 2010CA00178 |
|  | : |  |
|  | : |  |
| MICHELLE HAMMER, et al., | : | O P I N I O N |
|  |  |  |
| Defendants-Appellees |  |  |




| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from Stark County Court of Common Pleas Case No. 2008-CV-03436 |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | July 25, 2011 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellant | For Defendants-Appellees |
| RICHARD D. REINBOLD, JR.<br>The Carnegie Building<br>236 third Street, S.W.<br>Canton, Ohio 44702 | SCOTT M. ZURAKOWSKI, ESQ.<br>Krugliak, Wilkins, Griffiths &<br>Dougherty Co., LPA<br>4775 Munson Street, N.W.<br>Canton, Ohio 44718 |
| JAMES T. ROBERTSON<br>WILLIAM S. PIDCOCK<br>236 third Street, S.W.<br>Canton, Ohio 44702 | |

*Edwards, J.*

{¶1} Appellant, Can-Do Promotions, Inc., appeals a judgment of the Stark County Common Pleas Court entering judgment in accordance with a jury verdict as to appellee General Commercial Corporation (GCC) and ordering a new trial on the issue of damages only against appellee Michelle Hammer on the issues of breach of loyalty and bad faith.

STATEMENT OF FACTS AND CASE

{¶2} Appellant and appellee GCC are in the promotional products and advertising business. Appellee Hammer was employed by appellant from 1994, beginning as a secretary and eventually becoming a salesperson. Prior to resigning her employment with appellant, Hammer copied electronic files from her laptop to a flash drive, forwarded emails from her work account to a private account and kept the salesperson's copy of various purchase orders. Hammer was offered employment by GCC on November 12, 2007, and agreed to terms of an employment relationship with GCC in June, 2008.

{¶3} Appellant filed the instant action in August, 2008. The case proceeded to jury trial on April 19, 2010 on a claim of misappropriation of trade secrets against both GCC and Hammer, and claims of breach of loyalty and bad faith against Hammer.

{¶4} The jury returned a general verdict form in favor of appellant against Hammer, awarding $50,000 as compensatory damages for bad faith, $50,000.00 as compensatory damages for breach of loyalty, and $0 for misappropriation of trade secrets. The jury awarded appellant lost profits in the amount of $33,109, for a total verdict of $133,109.00 against Hammer. The court sent the jury back to reconsider its

findings on bad faith and breach of loyalty. The jury returned with an award of $13,109.00 for bad faith, $20,000.00 for breach of loyalty, and marked an "X" for misappropriation of trade secrets. The jury awarded $100,000.00 for lost profits and entered $100,000.00 as the total damages awarded.

{¶5} The jury entered a general verdict in favor of GCC, entering $0 for the amount of compensatory damages to be awarded against GCC.

{¶6} After discussions concerning issues of inconsistencies between the verdicts and the jury interrogatories, the court set a date for the parties to address the verdict and its inconsistencies. The court encouraged the parties to settle the matter and suggested a figure to resolve the case. However, the parties did not reach an agreement and the court entered judgment on June 18, 2010, which provides in pertinent part:

{¶7} "Here, with regard to Michelle Hammer, the interrogatories are inconsistent with the general verdict. The intent of the jury as to liability is clear from the answers to the interrogatories. In reviewing Jury Interrogatory No. 1, it is clear that the jury did not find that Michelle Hammer misappropriated a trade secret. In reviewing Jury Interrogatory No. 5 and Jury Interrogatory No. 6 that the jury did find Ms. Hammer breached a duty of loyalty and acted in bad faith (sic). What is less clear, however, is the jury's award of compensatory damages. Accordingly, given the inconsistency, the Court orders a new trial on the issue of damages for breach of duty of loyalty and bad faith against Michelle Hammer only.

{¶8} "With regard to Defendant GCC, it is clear from the answers to interrogatories and the general verdict that the jury found no liability on the part of GCC.

Even if the Court were to find the verdict form to be inconsistent with the interrogatories as argued by Plaintiff, the Court, pursuant to Civil Rule 49, may enter judgment consistent with the answers to the interrogatories. Thus, the court hereby enters judgment in favor of GCC.

{¶9} "Likewise, the Court directs the verdict on the issue of punitive damages.

{¶10} "The Court hereby **ORDERS** a new trial as to what compensatory damages Plaintiff is entitled to against Defendant Michelle Hammer as to Plaintiff's claims for Breach of Duty of Loyalty and Bad Faith.

{¶11} "The Court hereby schedules a pretrial for **June 29, 2010 at 10:30 a.m.**"

{¶12} Appellant assigns four errors to this judgment:

{¶13} "I. THE JURY VERDICTS FINDING THAT CAN-DO WAS ENTITLED TO ZERO DAMAGES FROM MICHELLE HAMMER AND GCC ON CAN-DO'S CLAIM OF MISAPPROPRIATION OF TRADE SECRETS, WHILE SIMULTANEOUSLY ENTERING GENERAL VERDICTS IN FAVOR OF CAN-DO AND AGAINST BOTH MICHELLE HAMMER AND GCC WITH RESPECT TO THAT SAME TRADE SECRET MISAPPROPRIATION CLAIM, IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶14} "II. THE JURY VERDICTS, ENTERING A GENERAL VERDICT FOR CAN-DO AND AGAINST GCC, AND SIMULTANEOUSLY FOR GCC AND AGAINST CAN-DO, ARE INCONSISTENT AND IRRECONCILABLE AND IT WAS ERROR FOR THE TRIAL COURT TO ENTER JUDGMENT ON SUCH VERDICTS.

{¶15} "III. TO THE EXTENT THAT THE INCONSISTENT AND IRRECONCILABLE VERDICTS SUPPORT A FINDING THAT CAN-DO FAILED TO

ESTABLISH MISAPPROPRIATION OF TRADE SECRETS BY THE DEFENDANTS, SUCH VERDICTS ARE AGAINST THE MAINFEST [SIC] WEIGHT OF THE EVIDENCE.

{¶16} "IV. THE TRIAL COURT ERRED IN REFUSING TO PERMIT CAN-DO TO INTRODUCE EVIDENCE THAT GCC WAS PAYING THE ATTORNEY'S FEES FOR ITS CO-DEFENDANT MICHELLE HAMMER."

{¶17} We first address the issue of whether the order appealed from is a final, appealable order.

{¶18} When determining whether a judgment or order is final and appealable, an appellate court engages in a two-step analysis. First, we must determine if the order is final within the requirements of R.C. 2505.02. Second, if the order satisfies the requirements of R.C. 2505.02, we must determine whether Civ.R. 54(B) applies and, if so, whether the order contains a certification that there is no just reason for delay. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 21, 540 N.E.2d 266.

{¶19} To constitute a final order, an order must fit into one of the categories in R.C. 2505.02(B), which provides in pertinent part:

{¶20} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶21} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;"

{¶22} Civ. R. 54(B) provides for entry of a final order when the claims of all parties have not been adjudicated upon a finding of no just cause for delay:

{¶23} "**(B) Judgment upon multiple claims or involving multiple parties.** When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

{¶24} Although this Court regularly addresses issues concerning Civ. R. 54(B) in a summary judgment context, Civ. R. 58 specifically makes the entry of a jury verdict subject to Civ. R. 54(B):

{¶25} "**(A) Preparation; entry; effect.** Subject to the provisions of Rule 54(B), upon a general verdict of a jury, upon a decision announced, or upon the determination of a periodic payment plan, the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal. A judgment is effective only when entered by the clerk upon the journal."

{¶26} In the instant case, the court entered judgment in favor of GCC based on the jury's verdict, but did not include Civ. R. 54(B) language. Although the judge did not order a new trial on the issue of misappropriation of trade secrets against Hammer, the

court did not enter judgment consistent with the jury's verdict. Further, the court ordered a new trial on the issue of compensatory damages for breach of loyalty and bad faith against Hammer. Appellant has raised assignments of error as to the claims of misappropriation of trade secrets against both Hammer and GCC. Because the court has yet to enter judgment on the jury verdict concerning Hammer's misappropriation of trade secrets and claims remain pending in the trial court against Hammer, judgment is not final against Hammer. Further, although the judgment appealed from does enter judgment in favor of GCC, the judgment does not include the determination required by Civ. R. 54(B) that there is no just cause for delay, and Civ. R. 58 expressly makes entry of judgment on a jury verdict subject to the requirements of Civ. R. 54(B). See also *McKenzie v. Payne*, Cuyahoga App. No. 83610, 2004-Ohio-2341 (jury verdict can remain interlocutory where other claims remain pending).

{¶27}  The judgment appealed from is not a final, appealable order.  The appeal is dismissed.

By: Edwards, J.

Hoffman, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/r0601

[Cite as *Can-Do Promotions, Inc. v. Hammer*, 2011-Ohio-3808.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CAN-DO PROMOTIONS, INC. | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MICHELLE HAMMER, et al., | : | |
| | : | |
| Defendants-Appellees | : | CASE NO. 2010CA00178 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal is dismissed. Costs assessed to appellant.

_____

_____

_____

JUDGES