[Cite as *Buchanan v. Dept. of Rehab. & Corr.*, 2019-Ohio-1423.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| John Anthony Buchanan, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 18AP-970 |
| v. | : | (Ct. of Cl. No. 2018-01190JD) |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

---

## D E C I S I O N

### Rendered on April 16, 2019

---

**On brief:** *John Anthony Buchanan*, pro se.

**On brief:** *Dave Yost*, Attorney General, *Timothy M. Miller*, and *Samantha J. Scherger*, for appellee. **Argued:** *Timothy M. Miller.*

---

APPEAL from the Court of Claims of Ohio

BRUNNER, J.

{¶ 1} Plaintiff-appellant, John Anthony Buchanan, attempts to appeal an entry of the Court of Claims of Ohio issued on December 7, 2018. In its entry, the Court of Claims denied Buchanan's motion to exceed page limits in filing a combination motion for judgment on the pleadings and motion to strike the defendant's answer; it denied the merits of the motion to strike and for judgment on the pleadings; it also denied Buchanan's motion to strike the defendant's response to his motion to strike. Because the actions Buchanan is attempting to appeal are not contained within a final order of the Court of Claims, we dismiss the appeal, as we do not have jurisdiction to hear it at this stage of the litigation.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}  On August 14, 2018, Buchanan filed a complaint in the Court of Claims against defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). (Aug. 14, 2018 Compl.)  Shortly thereafter, ODRC moved to dismiss. (Aug. 30, 2018 Mot. to Dismiss.)  Whereupon, Buchanan filed an amended complaint, a memorandum contra the motion to dismiss, and a motion to strike the motion to dismiss.  (Sept. 6, 2018 First Am. Compl.; Sept. 5, 2018 Memo. Contra Mot. to Dismiss; Sept. 12, 2018 Mot. to Strike Mot. to Dismiss.)

{¶ 3}  On September 20, 2018, ODRC filed an answer.  (Sept. 20, 2018 Answer.) Four days later, the Court of Claims denied the motion to dismiss in light of the fact that the complaint had been amended.  (Sept. 24, 2018 Mag. Order.)  The same day, September 24, 2018, Buchanan filed a 124-page single-spaced motion to strike ODRC's answer in which he also requested judgment on the pleadings.  (Sept. 24, 2018 Mot. to Strike Answer & for Jgmt. on Pleadings.)  Accompanying this was a motion requesting leave to exceed the page limit.  (Sept. 24, 2018 Mot. to Exceed Page Limit.)  On October 9, ODRC responded with a memorandum contra.  (Oct. 9, 2018 Memo. Contra Mot. to Strike.)  The next day, Buchanan filed a motion to strike ODRC's response to his motion to strike. (Oct. 10, 2018 Mot. to Strike Memo. Contra Mot. to Strike.)  ODRC also opposed that motion.  (Oct. 24, 2019 Memo. Contra Mot. to Strike Memo. Contra Mot. to Strike.)

{¶ 4}  On December 7, 2018, the Court of Claims denied Buchanan's motion for leave to exceed the page limits, denied his motions to strike, and denied judgment on the pleadings.  (Dec. 7, 2018 Entry at 2.)  Buchanan now attempts to appeal that decision.[1]

## II. JURISDICTION

{¶ 5}  The Ohio Constitution sets forth the jurisdiction of courts of appeals in Ohio:

> Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]

Ohio Constitution, Article IV, Section 3(B)(2); *see also* R.C. 2501.02.  As a consequence of this limited grant of jurisdiction, " '[i]f an order is not final and appealable, then an

---

[1] Consistent with his practice before the Court of Claims, Buchanan moved to strike ODRC's brief in this attempted appeal.  (Jan 17, 2019 Mot. to Strike Appellee Brief.)  His motion was denied, as well as his motion to reconsider our denial.  (Jan 18, 2019 Entry; Jan 24, 2019 Entry.)

appellate court has no jurisdiction to review the matter and the appeal must be dismissed.' " *McKibben v. U.S. Restoration & Remodeling, Inc.*, 10th Dist. No. 14AP-737, 2015-Ohio-1241, ¶ 15, quoting *Assn. of Cleveland Firefighters, # 93 v. Campbell*, 8th Dist. No. 84148, 2005-Ohio-1841, ¶ 6, citing *McKenzie v. Payne*, 8th Dist. No. 83610, 2004-Ohio-2341.

{¶ 6}  The Ohio Legislature defines what is a final, appealable order, which in relevant part is:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> * * *
>
> (2) An order that affects a substantial right made in a special proceeding * * * [.]

R.C. 2505.02(B).  A "special proceeding" is "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2).

{¶ 7}  We have previously addressed the subject of discovery orders issued in the Court of Claims: "[A] trial court order that does not deprive a party of the opportunity for meaningful review by way of appeal following final judgment does not affect a substantial right."  *Frash v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-14, 2013-Ohio-2783, ¶ 13, citing *Terpenning v. Comfortrol, Inc.*, 10th Dist. No. 09AP-315, 2009-Ohio-6418, ¶ 16. R.C. 2505.02(A)(1) defines "[s]ubstantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect."  Thus, in *Frash,* we specifically held that orders denying motions to compel discovery did not affect a substantial right.

{¶ 8}  Similarly, the denials of Buchanan's motions to strike and for judgment on the pleadings do not affect his "substantial right[s]." R.C. 2505.02(B)(2).[2] *See also Riscatti v. Prime Properties Ltd. Partnership*, 8th Dist. No. 97254, 2012-Ohio-2941, ¶ 14-16.

---

[2] We note there are some holdings that decisions on motions to strike may or may not be orders that affect substantial rights, depending on the circumstances. *Compare Shearer v. Ohio Dept. of Job & Family Servs.*, 5th Dist. No. 2011AP070033, 2012-Ohio-2294, ¶ 28 (dismissing an attempted appeal from an entry striking an affidavit attached to a brief) *with Anderson v. Sonoco Prods. Co.*, 112 Ohio App.3d 305, 308-09 (2d Dist.1996) (permitting an appeal from an entry that declined to strike a voluntary dismissal on the grounds that if voluntary dismissal were allowed and not struck, the delay caused and the damages incurred as a result of the delay would not effectively be recoverable in an appeal from the refiled case).

Orders denying judgment on the pleadings are not usually deemed to have affected a substantial right.

{¶ 9}   Buchanan has filed a motion to strike nearly every one of ODRC's filings, and his motion for judgment on the pleadings was largely based on his claims that ODRC's answer was "vague," "evasive," and "immaterial," among other things. (Emphasis omitted.) (Sept. 24, 2018 Mot. to Strike Answer & for Jgmt. on Pleadings at 1.)  While Buchanan may disagree with and litigate against ODRC, he does not have a "substantial right" to prevent ODRC from filing documents to pursue its defense within the rules governing practice in Ohio courts.  In the ordinary course of his litigation with ODRC, the Court of Claims' decisions on his many motions to strike will merge with the final judgment and if, at that time, Buchanan is unsatisfied with the result, he may raise such issues, including those in this appeal at such time. *See, e.g.*, *Lingo v. Ohio Cent. RR.*, 10th Dist. No. 05AP-206, 2006-Ohio-2268, ¶ 17; *see also* App. R. 4(A)(2).  For now, we lack jurisdiction and Buchanan's appeal is dismissed.

*Appeal dismissed.*

BROWN and LUPER SCHUSTER, JJ., concur.

—————————————