## In re CUYAHOGA COUNTY ASBESTOS CASES.

[Cite as *In re Cuyahoga Cty. Asbestos Cases* (1998), 127 Ohio App.3d 358.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72388.

Decided April 27, 1998.

*Baughman & Associates, Patrick R. Baughman* and *Christopher R. Calfin,* for appellant USX Corporation.

*Robert E. Sweeney Co., L.P.A.,* and *Robert E. Sweeney; John J. Duffy & Associates* and *William J. Kerner,* for appellee County Asbestos Cases.

*Dogan & Wilkinson* and *Robert Wilkinson,* for 20th Century Glove Corp. of Texas.

*Goodwin & Goodwin, Stephen P. Goodwin* and *Susan C. Wittenmeier,* for A&I Co.

*Willman & Arnold* and *Ruth A. Antinone,* for A–Best Products Co. Inc.

*Baker & Hostetler* and *Kathleen Pettingell,* for A.P. Green Refractories.

*Raymond J. Marvar,* for Abex Corp.

*Vorys, Sater, Seymour & Pease* and *Mary Ellen Fairfield,* for Acands, Inc.

*George, Ferguson & Lorensen* and *Shawn P. George,* for Aetna Insulated Wire Co.

*Dickie, McCamey & Chilcote* and *Stephen R. Mlinac,* for Allied Glove Corp.

*Squire, Sanders & Dempsey* and *Thomas G. Kovach; Benos, Cummings, Mann & Valenti* and *Eric H. Mann; John A. Valenti, L.P.A.,* for Allied Signal, Inc.

*Reminger & Reminger* and *Matthew C. O'Connell,* for Anchor Packing Co.

*King, Hargrave, Sairti & Jack* and *Otto A. Jack, Sr.,* for Argo Packing Co.

*Paul A. Granzier,* for Bondex International, Inc.

*Shea & Gardner* and *John D. Aldock* and *Wendy S. White; John G. Gaul; Baker & Hostetler, Randall L. Solomon* and *Kathleen A. Pettingill,* for Center for Claims Resolution.

*Thompson, Hine & Flory, Douglas N. Barr* and *Mark N. Rose,* for Chevron Corp.

*Weston, Hurd, Fallon, Paisley & Howley* and *Maria A. Kortan,* for Clark Industrial Insulation Co.

*Schneider, Smeltz, Ranney & LaFond, David A. Lum* and *James D. Vail,* for Cooper Industries, Inc.

*Gallagher, Sharp, Fulton & Norman* and *Edward J. Cass,* for Corhart Refractories Co.

*Kirkpatrick & Lockhart* and *Mary M. O'Day; Janik & Dunn* and *Jill M. Winans,* for Crane Co.

*Dinsmore & Shohl* and *Stephen K. Shaw,* for CSR Limited.

*Ulmer & Berne* and *Timothy M. Fox,* for Didier Taylor Refractories Corp.

*Kitchen, Deery & Barnhouse* and *James W. Barnhouse,* for Dresser Industries, Inc.

*Ulmer & Berne* and *Bruce P. Mandel,* for Durabla Manufacturing Co.

*Stephen C. Merriam,* for Edward R. Hart Co.

*Baker & Hostetler* and *Marcia Marsteller,* for Ericsson, Inc.

*Grogan, Graffam, McKinley & Lucchino* and *Dennis A. Watson,* for F.B. Wright Co.

*Harris, Carter, Mahota & Mazza, Robin L. Canowitz* and *John P. Mazza,* for Frick & Lindsay Co.

*Buckingham, Doolittle & Burroughs* and *Reginald Kramer,* for General Electric Co.

*Israel & Wood, PC,* and *James W. Harvey,* for General Refractories Co.

*Regina S. Massetti,* for George P. Reintjes Co.

*Porter, Wright, Morris & Arthur, James P. Conroy* and *Ezio A. Listati,* for Georgia Pacific Corp.

*Kenneth S. Robb,* for Hedman Mines.

*Zimmer Kunz* and *John W. Thomas,* for Insul Co.

*Baker, Dublicker, Beck, Wiley & Griffin* and *Jack Baker,* for J.H. France Refractories.

*Mark S. Hura,* for John Crane, Inc.

*Pietragallo, Boisk & Gordon* and *Nora Barry Fischer,* for Joy Technology, Inc.

*Squire, Sanders & Dempsey, Mitchel B. Axler* and *Nancy Chase Miller,* for Kaïser Aluminum & Chemical Co.

*Vorys, Sater, Seymour & Pease* and *Richard D. Schuster,* for Koch Engineering Co.

*Gallagher, Sharp, Fulton & Norman* and *William A. Viscomi,* for M.H. Detrick Co.

*Cleek, Pullin, Knopf & Fowler* and *Stephen M. Fowler,* for Martin Marietta Corp.

*McDonald, Hopkins, Burke & Haber* and *Thomas P. Meaney, Jr.,* for Mau–Sherwood Supply.

*Young & Alexander* and *Mark R. Chilson,* for Metropolitan Life Ins. Co.

*Roetzel & Andress, Ronald S. Kopp* and *Douglas O. Metz,* for Mobil Oil Corp.

*Davis & Young* and *C. Richard McDonald,* for Nock Refractories Co.

*Dinsmore & Shohl, Thomas S. Calder* and *Michael A. Dickhaut,* for O.K.I. Supply Co.

*Regina S. Massetti,* for Oglebay Norton Co.

*W. Andrew Hoffman III,* for Ohio Valley Insulating Co.

*Pepper, Hamilton & Scheetz* and *Terri W. Teitelbaum,* for Osram Sylvania, Inc.

*Davis & Young, Martin J. Murphy* and *Dennis R. Fogarty; Debevoise & Plimpton, Roger E. Podesta* and *Robert D. Goodman,* for Owens–Corning Fiberglas.

*Hermann, Cahn & Schneider* and *Gary D. Hermann,* for Owens–Illinois, Inc.

*Gallagher, Sharp, Fulton & Norman* and *Joseph W. Pappalardo,* for Phelps Dodge Copper Industries.

*Jacobson, Maynard, Tuschman & Kalur* and *William D. Bonezzi,* for Plibrico Co.

*Buckingham, Doolittle & Burroughs* and *Donald A. Powell,* for PPG Industries, Inc.

*Baker & Hostetler* and *Randall L. Solomon,* for Quigley Co.

*George K. Kulesza; Zapka & Leuchtag* and *Emery J. Leuchtag,* for R.E. Kramig & Co.

*McCarthy, Lebit, Crystal & Haiman* and *David A. Schaefer,* for Rapid–American Corp.

*Keller & Curtin* and *Stanley S. Keller,* for Record Industrial Co.

*Jacobson, Maynard, Tuschman & Kalur* and *Kevin Kadlec,* for Riley Stoker Corp.

*Huffman & Thomas* and *Donald J. Huffman,* for Rockwell International Corp.

*Dinsmore & Shohl* and *Michael D. Eagen,* for Rome Cable Corp.

*Dickie, McCamey & Chilcote* and *Peter A. Santos,* for Sager Corp.

*Gorr, Moser, Dell & Loughney* and *Carl Hudson Shelly,* for Seegott, Inc.

*Reminger & Reminger* and *John G. Peto,* Cleveland, for Sepco Corp.

*Richards & Meola* and *Charles L. Richards,* for Tasco Insulation, Inc.

*Dickie, McCamey & Chilcote* and *Edmund Olszewski,* for Thermo Electric Co.

*Grogan, Graffam, McGinley & Lucchino* and *Leo G. Day,* for Triangle, PWC, Inc.

*John J. Repchick,* for Union Boiler Co.

*Benesch, Friedlander, Coplan & Aronoff* and *Eric Larson Zalud,* for Uniroyal, Inc.

*Hahn, Loeser & Parks* and *Robert J. Fogarty,* for W.R. Grace Co.

*Timothy Fisher,* for Zurn Industries, Inc.

---

TIMOTHY E. McMONAGLE, Judge.

Defendant-appellant, USX Corporation, appeals the order of the Cuyahoga County Court of Common Pleas entered March 24, 1997, wherein the court granted plaintiffs-appellees' motion for the establishment of a Voluntary Registry for Unimpaired Asbestos Claims, thereby establishing such a registry. For the reasons stated below, we dismiss the appeal.

The facts giving rise to this appeal are as follows. In 1997 there were approximately 5,400 asbestos personal injury cases pending on the docket of the Cuyahoga County Court of Common Pleas filed against over seventy named defendants. Plaintiffs in these cases claim asbestos-related injury ranging from mild impairment to extreme disability and death. Some individual plaintiffs represented by Robert E. Sweeney Co., L.P.A. ("RESCO"), moved the court on December 20, 1996 for the establishment of a Voluntary Registry for the Unimpaired Asbestos Claims in order to give the more seriously impaired claimants quicker access to the courts while preserving the claims of the less impaired plaintiffs. By its terms, the proposed order defined an unimpaired claim by objective medical criteria, and further specified that the unimpaired plaintiff may voluntarily place his claim on an inactive deferred docket. While on the inactive docket, these cases are exempt from discovery and do not age. The proposed registry provided that plaintiffs may remove their case from the inactive docket to the trial docket if their condition progresses to impairment or they produce additional evidence of impairment that meets the medical criteria. Extensive briefing of the motion and its opposition followed, and the trial court set hearing on the matter. On March 24, 1997, the trial court granted the RESCO motion and issued its order establishing the Voluntary Registry for Unimpaired Asbestos Claims for all asbestos personal injury claims registered or to be registered in the Cuyahoga County Court of Common Pleas. Appellant USX, one of the asbestos defendants, timely challenges the lower court's unimpaired registry order and advances four assignments of error for our review:

"I. The trial court erred by creating a Voluntary Registry for Unimpaired Asbestos Claims that violates USX's constitutional due process, equal protection, and jury trial rights.

"II. The trial court erred by creating a Voluntary Registry for Unimpaired Asbestos Claims that frustrates the effect of any applicable statutes of limitations.

"III. The trial court erred in creating a Voluntary Registry for Unimpaired Asbestos Claims for claims over which it had no jurisdiction.

"IV. The trial court erred in creating a Voluntary Registry for Unimpaired Asbestos Claims for claims which state no valid cause of action under Ohio law."

Initially, we must determine whether this court has jurisdiction to consider this appeal.[1] Section 3(B)(2), Article IV of the Ohio Constitution governs the limited subject matter jurisdiction of Ohio appellate courts specifically providing in part:

---

1. In a similar challenge to an order by the Circuit Court of Cook County, Illinois, that created a deferred docket registry for asbestos-related personal injury claims, the Illinois Court of

"Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *."

R.C. 2505.03 specifically "provides by law" that every final order, judgment, or decree of a court may be appealed. Final orders are defined in R.C. 2505.02:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."

■ An order which does not satisfy the jurisdictional requirements of R.C. 2505.02 is not appealable.

■ First, we look to whether this order affects a substantial right in an action which in effect determines the action and prevents a judgment. Appellant asserts that the order creating the unimpaired registry is both final and appealable because there is at least one issue, choice of law, adjudicated by its adoption, and moreover, that this order prevents a judgment because no dispositive motion practice may be maintained. We do not agree.

■ Specifically, appellant argues that the trial court has prejudiced the asbestos defendants by allowing essentially uninjured claimants to impermissibly avail themselves of more favorable laws indefinitely by filing their cases before the advent of tort reform in Ohio in 1996. However, appellant's argument fails because in Ohio the asbestos-related pleural thickening or pleural plaque, which is an alteration to the lining of the lung, constitutes physical harm, and as such satisfies the injury requirement for a cause of action for negligent failure to warn or for a strict products liability claim, even if no other harm is caused by asbestos. *Verbryke v. Owens–Corning Fiberglas Corp.* (1992), 84 Ohio App.3d 388, 616 N.E.2d 1162. The *Verbryke* court noted that "even if Robert Verbryke's disease is asymptomatic it does not necessarily mean he is unharmed in the sense of the traditional negligence action." *Verbryke, supra,* at 395, 616 N.E.2d at 1167. Therefore, with the knowledge of the current state of the law in Ohio, we see that these plaintiffs justifiably believe that the knowledge that they possess nondysfunctional asbestos-related changes in their lungs places them on sufficient

Appeals dismissed the appeal, finding that the order was a "nonappealable, noninjunctive order," since it did not affect the relationship of the parties outside the parameters of the litigation. *In re Asbestos Cases (Mulligan v. Keene Corp.)* (1991), 224 Ill.App.3d 292, 166 Ill.Dec. 563, 586 N.E.2d 521.

notice to start running the statute of limitations time-clock. Accordingly, we do not see that because the "unimpaired" plaintiffs have chosen to file their claims prior to the enactment of the tort reform law rather than risk bar by the statute of limitations they have prejudiced these defendants by their "choice of law."

Next, appellant asserts that this order is final as it "prevents a judgment" because no dispositive motion practice is permitted against the uninjured claimants while they are on the inactive deferred docket. We do not agree. Judgment in these cases will be deferred for those plaintiffs whose claims are on the inactive docket, but if and when a plaintiff's claim is on the active docket, these defendants are not denied any of the procedures permitted by the Civil Rules. It, therefore, cannot be said that this order "prevents a judgment."

A careful review of the order before us reveals, then, that the order from which this appeal is taken does not determine the underlying personal injury action of any claimant nor does the order adjudicate any issue in the case. The order does not determine the action nor does it prevent a judgment. Accordingly, the order is not a "final and appealable order" as defined in the first clause of R.C. 2505.02.

Second, we look to whether this order affects a substantial right made in a special proceeding. Appellant urges us to analogize this order to cases wherein other seemingly interlocutory orders have been found appealable to support its assertion that the order at issue here is final and, therefore, appealable. In *Guccione v. Hustler Magazine, Inc.* (1985), 17 Ohio St.3d 88, 17 OBR 211, 477 N.E.2d 630, the court found that the grant of a motion to disqualify otherwise competent counsel affects a substantial right and is reviewable as a final order. In *Dayton Women's Health Ctr. v. Enix* (1990), 52 Ohio St.3d 67, 555 N.E.2d 956, the court found reviewable the determination of whether an action may be maintained as a class action. We find appellant's reliance on these cases to be misplaced.

The court in *Guccione* determined that the order denying permission for out-of-state counsel affects a substantial right, utilizing the balancing test of *Amato v. Gen. Motors Corp.* (1981), 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452, to determine that such decision of a special proceeding equates with the need for immediate review. In *Dayton Women's Health Center*, the court determined that the class certifications are final appealable orders in reliance on the reasoning of the *Amato* court. The *Amato* court found that class certifications are, in effect, "special proceedings" when the test used weighs "the harm to the prompt and orderly disposition of litigation and the consequent waste of judicial resources, resulting from the allowance of an appeal, with the need for immediate review because appeal after final judgment is not practicable." *Amato, supra*, at 258, 21 O.O.3d at 161, 423 N.E.2d at 456.

■■ However, the *Amato* decision has been expressly overruled by *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213. Recently, the Supreme Court in *Walters v. The Enrichment Ctr. of Wishing Well, Inc.* (1997), 78 Ohio St.3d 118, 120, 676 N.E.2d 890, 893, reasserted that "[i]n *Polikoff,* we held at the syllabus that '[o]rders that are entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02. (*Amato v. Gen. Motors Corp.* * * *, overruled.)'" We, therefore, acknowledge that the test is no longer the same. The Supreme Court in *Walters* instructs us that we must examine the underlying action to determine whether an order was entered in a special proceeding, and we are not to look to the order itself which was entered within that action. *Walters, supra,* at 123, 676 N.E.2d at 894–895.

Here, the underlying actions are ordinary civil actions in tort for personal injury as recognized at common law and, consequently, cannot be considered a "special proceeding." Therefore, the order before us cannot be said to be an order affecting a substantial right made in a "special proceeding" as defined in the second clause of R.C. 2505.02.

Finally, in reliance on *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 540 N.E.2d 266, appellant argues without analysis that as declaratory judgments have been held reviewable, this registry order is analogous to a declaratory judgment action and, consequently, this order should be found to be reviewable as a special proceeding. We do not agree. The holding of *Walters* prevents us from consideration of such analogy. The Supreme Court in *Walters* has established a bright-line test as we have stated above for the determination of a "special proceeding" and, in this case, the order challenged by appellant was entered in an ordinary civil personal injury action known at common law and simply was not entered in a special proceeding.

We conclude that the order establishing the Voluntary Registry for Unimpaired Asbestos Claims demonstrates a traditional exercise of the court's authority to control its docket. We recognize that registries for unimpaired claimants may serve as appropriate procedural mechanisms for trial courts to manage and control their own dockets. This order may be characterized as administrative in its function, as a means by which the procedural details of litigation are regulated, and "is a tool whereby the court may prioritize the litigation of cases already filed and an example of the court exercising its inherent authority to control its docket." *In re Asbestos Cases (Mulligan v. Keene Corp.)* (1991), 224 Ill.App.3d 292, 295, 166 Ill.Dec. 563, 566, 586 N.E.2d 521, 524. This order does not determine the action or prevent a judgment, nor was this order rendered in a special proceeding. Therefore, we find that the voluntary registry order is not a

"final order" as defined by the R.C. 2505.02 and we are without jurisdiction to consider this appeal.

Accordingly, the appeal is dismissed.

*Appeal dismissed.*

O'DONNELL, P.J., and KARPINSKI, J., concur.