**FIRST BENEFITS AGENCY, INC., Appellant,**

**v.**

**TRI–COUNTY BUILDING TRADES WELFARE FUND et al., Appellees.**

[Cite as *First Benefits Agency, Inc. v. Tri–County Bldg.
Trades Welfare Fund* (1998), 131 Ohio App.3d 29.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 19003.

Decided Dec. 30, 1998.

*Mark H. Ludwig,* for appellant.

*William B. Gore* and *Teresa R. Kintz,* for appellees.

DICKINSON, Judge.

Plaintiff First Benefits Agency Incorporated has attempted to appeal from two orders of the Summit County Common Pleas Court, the first of which denied its motion to remove this case from the trial court's inactive docket and to reinstate it on the active docket, and the second of which denied its motion for relief from judgment to vacate that first order. Plaintiff has argued (1) that the trial court incorrectly denied its motion to reinstate the case to the active docket, and (2) that the trial court incorrectly denied its motion for relief from judgment to vacate that denial. This court dismisses this case because the orders from which plaintiff has attempted to appeal were not final, appealable orders.

I

Defendant Tri–County Building Trades Welfare Fund is an employee welfare benefit plan as defined by the Employee Retirement Income Security Act. Beginning during February 1987, plaintiff acted as the insurance administrator for defendant, and defendant paid plaintiff a monthly administrative fee for that service. In addition, plaintiff collected commissions on insurance policies it purchased on defendant's behalf. During 1992, defendant notified various insurance carriers that plaintiff was no longer its agent of record. As a result, plaintiff did not receive commissions of approximately $40,000 to which it claimed it was entitled. Plaintiff, therefore, filed this breach-of-contract action in the Summit County Common Pleas Court on February 8, 1993.

Defendant filed a counterclaim against plaintiff, by which it sought commissions paid plaintiff prior to 1992, based on the Employee Retirement Insurance Security Act, codified at Section 1132, Title 29, U.S.Code. Based upon that counterclaim, defendant attempted to remove this action to the United States District Court for the Northern District of Ohio. The federal district court, however, during June 1994, remanded this matter to the Summit County Common Pleas Court because plaintiff's complaint did not allege a federal question; the federal court, therefore, lacked subject-matter jurisdiction over the case.

On July 15, 1994, defendant filed an action against plaintiff in the United States District Court for the Northern District of Ohio, alleging essentially the same claims that it had alleged in its counterclaim in this case. On March 16, 1995, upon agreement of the parties, this action was placed on the Summit County Common Pleas Court's inactive docket to await the outcome of the federal action. After trial of the federal case, the federal district court ruled, among other things, that the commissions received by plaintiff prior to 1992 were subject to disgorgement. It, therefore, awarded defendant $271,064.70.

On January 27, 1998, plaintiff moved the Summit County Common Pleas Court to remove this case from the trial court's inactive docket and to place it on the active docket. In addition, it requested that the trial court award it attorney fees for defendant's allegedly frivolous attempt to remove this case to federal court. On March 6, 1998, the trial court denied that motion. It ruled that the claims in plaintiff's complaint were mandatory counterclaims that should have been raised in the federal action. Consequently, the trial court decided that it would not remove the case from its inactive docket and entertain those claims. It also ruled that plaintiff's motion for attorney fees was untimely and, therefore, refused to consider that issue.

Plaintiff attempted to appeal that decision to this court and, while that attempted appeal was pending, moved the trial court for relief from judgment

pursuant to Civ.R. 60(B). By its Rule 60(B) motion, plaintiff asked the trial court to vacate the denial of its motion to place the case on the active docket. On May 8, 1998, this court granted plaintiff a stay of appellate proceedings pending the outcome of its motion for relief from judgment. On May 28, 1998, the trial court "reiterate[d]" its March 6, 1998, order, and denied plaintiff's 60(B) motion to vacate its decision not to place plaintiff's case on the court's "active docket." Plaintiff amended its notice of appeal to add an attempted appeal from that denial.

## II

### A

Plaintiff's first assignment of error is that the trial court incorrectly denied its motion to remove this case from its inactive docket and to reinstate it to the active docket. It has argued that the order from which it has attempted to appeal was a final, appealable order and that, consequently, this court has jurisdiction to review it.

R.C. 2505.03(A) provides that "[e]very final order, judgment, or decree of a court * * * may be reviewed on appeal by a court of common pleas, a court of appeals, or the supreme court, whichever has jurisdiction." A final order is defined in R.C. 2505.02(B):

"An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

"(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

"(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

"(3) An order that vacates or sets aside a judgment or grants a new trial;

"(4) An order that grants or denies a provisional remedy and to which both of the following apply:

"(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

"(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

"(5) An order that determines that an action may or may not be maintained as a class action."

Plaintiff has failed to demonstrate how the order from which it has attempted to appeal fits any of the definitions listed above.

The denial of its motion to reinstate this case to the trial court's active docket did not affect a substantial right that determined the action and prevented a judgment. The case has not been dismissed. The trial court may decide to reinstate it, in which case plaintiff's claims would be determined.

In *In re Cuyahoga Cty. Asbestos Cases* (1998), 127 Ohio App.3d 358, 713 N.E.2d 20, the Court of Appeals for the Eighth District considered a situation in which the trial court had created a "Voluntary Registry for the Unimpaired Asbestos Claims," which allowed those asbestos plaintiffs who were not severely medically impaired to place their claims on the court's inactive docket, during which time those claims would be exempt from discovery and not age. Upon proof that a plaintiff had progressed to a certain level of medical impairment, the case would be transferred to the court's active docket for resolution on its merits. The court of appeals for the Eighth District held that the placing of those claims on the inactive docket was not a final, appealable order. *Id.* It noted that the creation of the voluntary registry did not "determine the underlying personal injury action of any claimant nor * * * adjudicate any issue in the case. The order d[id] not determine the action nor d[id] it prevent a judgment." *Id.*

The trial court's action in this case was similar to the actions of the trial court in *Asbestos Cases.* The denial of plaintiff's motion to reinstate the case to the active docket did not determine any issues, let alone the entire action, and did not prevent a judgment. The trial court did not dismiss the case. It simply refused to remove it from the inactive docket. It may do so at a future date, at which time the case will be adjudicated. The trial court's order was not, therefore, a final, appealable order pursuant to R.C. 2505.02(B)(1).

The order also did not affect a substantial right made in a special proceeding. A special proceeding is an action or proceeding that was specially created by statute and that, prior to 1853, was not denoted as an action at law or a suit in equity. R.C. 2505.02(A)(2). Plaintiff, in its complaint, alleged state law contract claims. Consequently, the denial of its motion to reinstate the case was not made in a special proceeding. See R.C. 2505.02(B)(2).

Further, the trial court's order did not vacate or set aside a judgment, and it did not grant a new trial. See R.C. 2505.02(B)(3). Similarly, the order did not grant or deny a provisional remedy that determined the action and prevented a judgment with respect to that provisional remedy, leaving plaintiff without a meaningful or effective remedy by an appeal following final judgment in its action. See R.C. 2505.02(B)(4). Finally, the order did not determine that an action may or may not be maintained as a class action. See R.C. 2505.02(B)(5).

The order from which plaintiff has attempted to appeal did not meet any definition of a final order in R.C. 2505.02. It was not, therefore, a final, appealable order from which plaintiff may maintain an appeal.

Plaintiff has also challenged the trial court's failure to award it attorney fees, as it requested in its motion to reinstate the case. The trial court denied that motion for attorney fees because it ruled that it was not timely. Because plaintiff's attempted appeal is not properly before this court, this court cannot consider whether the trial court's decision regarding attorney fees was correct.

Plaintiff's attempted appeal from the trial court's order refusing to place this case on its active docket is not properly before this court. Accordingly, that aspect of plaintiff's attempted appeal is hereby dismissed.

## B

Plaintiff's second assignment of error is that the trial court incorrectly denied its motion for relief from judgment, pursuant to Civ.R. 60(B), to vacate the denial of its motion to reinstate the case to the active docket. As discussed above, the trial court's denial of plaintiff's motion to remove this case from its inactive docket was not a final, appealable order. Consequently, Civ.R. 60(B) relief was not available. See *Busa v. Lasorella* (May 4, 1995), Cuyahoga App. No. 67980, unreported, 1995 WL 264449 ("[t]hough a judgment granting or denying a 60[B] motion is, as a rule, a final appealable order * * *, a party may seek 60[B] relief only from a final judgment").

Plaintiff's 60(B) motion was not appropriate because it was an attempt to vacate an order that was not final. Consequently, the trial court's resolution of that motion was not a final, appealable order and this court has no jurisdiction to entertain this aspect of plaintiff's attempted appeal.

## III

The orders from which plaintiff has attempted to appeal were not final, appealable orders. Consequently, this court is without jurisdiction to entertain this appeal. This case is dismissed.

*Case dismissed.*

BAIRD, P.J., and REECE, J., concur.