DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Christa Brunst, et. al. (hereinafter Appellant) appeal the decision of the Lorain County Court of Common Pleas granting Appellee's, (Alltel, Inc.) motion to stay proceedings and its motion for a protective order. We find that the trial court's decision is not a final appealable order, and consequently, we do not have jurisdiction to consider the merits of Appellant's argument.
 {¶ 2} Appellant, Christa Brunst, commenced a class action lawsuit against Appellee, Alltel, Inc., on September 24, 2002. Appellant filed a memorandum in support of class certification on October 10, 2002.
 {¶ 3} On October 24, 2002, Appellee filed a motion to stay the action due to the fact that an earlier class action suit, alleging similar complaints, had been filed against them in the Cuyahoga County Court of Common Pleas. That case, Schwartz v. Alltel Corp., Case No. 453730, was filed in Cuyahoga County on November 20, 2001, and remains pending.
 {¶ 4} Appellant opposed Appellee's motion to stay the action, and on July 23, 2003, filed her first set of interrogatories and requests for production of documents and admissions. Appellee responded by filing a motion for a protective order, noting that the Schwartz case in Cuyahoga County against them was ongoing and that discovery would be duplicative and expensive. On August 25, 2003, Appellee filed answers and objections to Appellant's discovery requests. The trial court granted Appellee's motion to stay and its motion for a protective order on October 8, 2004.
 {¶ 5} Appellant appeals the trial court's decision granting Appellee's motion to stay, and motion for protective order, raising one assignment of error for our review.
 ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN GRANTING [APPELLEE'S] MOTION TO STAY AND [APPELLEE'S] MOTION FOR A PROTECTIVE ORDER."
{¶ 6} In her only assignment of error, Appellant argues that the trial court erred in granting Appellee's motion to stay and motion for a protective order. Appellee asserts that we do not have jurisdiction to consider Appellant's assignment of error because the trial court's decision granting the two motions is not a final, appealable order. In her response to a show cause order issued by this Court, Appellant concedes that the decision granting Appellee's motion for protective order is not a final appealable order. However, she maintains that we do have jurisdiction to consider the trial court's decision granting Appellee's motion to stay the proceedings. Thus, we will focus on whether the decision granting Appellee's motion to stay is final and appealable. We render no judgment on whether the trial court erred in granting the stay; this opinion focuses solely on the jurisdictional issue.
 {¶ 7} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. Accordingly, this Court has jurisdiction to review only final and appealable orders. See Harkai v. Scherba Ind., Inc. (2000),136 Ohio App.3d 211, 219. "For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied." Konstand v. Barberton, 9th Dist. No. 21651, 2003-Ohio-7187, at ¶ 4, citing Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, 88.
 {¶ 8} R.C. 2505.02(B)(4) provides that a final, appealable order is one that:
"grants or denies a provisional remedy and to which both of the following apply:
"(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
"(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
 {¶ 9} Appellant argues that the stay "grants a provisional remedy that effectively determines this action with respect to the provisional remedy and prevents a judgment." We disagree. In granting Appellee's motion to stay the proceedings and removing the case to an inactive docket, the trial court noted in its judgment entry that "[u]ltimately, counsel shall dismiss this action or move for reinstatement to the active docket, but only after rulings have been issued in the previously filed Schwartz v.Alltel, * * * pending in * * * Cuyahoga County, Ohio." The trial court's order granting the stay does not affect a substantial right in the matter; it does not prevent judgment in the action, nor does it prevent Appellant from being afforded a meaningful or effective remedy. By granting the stay, the trial court "has merely put the case on hold."Griswold Institute v. Walters (Dec. 9, 1982), 10th Dist. No. 82AP-78, at 7.
 {¶ 10} The primary function of a final, appealable order is the termination of a case or controversy. Perrine v. Perrine, 9th Dist. No. 20923, 2002-Ohio-4251, at ¶ 7, citing Harkai v. Scherba Industries,Inc. (2000), 136 Ohio App.3d 211. An order putting a case on hold, which is the function of a stay order, does not serve to terminate a case. The stay order at issue, therefore, is not a final, appealable order since it "neither affects a substantial right, determines the action, nor prevents a judgment." Milo v. Milo (1984), 9 Ohio St.3d 115,116. See, also, Alexander v. Chandley (1996), 113 Ohio App.3d 435, 437, ("a stay order is not a final and appealable order[.]") While we acknowledge that the Cuyahoga County case is not proceeding with the speed that Appellant would like, we are without jurisdiction to review the stay itself since it is not a final appealable order.
 {¶ 11} The judgment below is not final because it does not determine the action, prevent a judgment, or affect a substantial right. Because it is not a final, appealable order, this court does not have jurisdiction to hear the appeal. The appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
Batchelder J. Moore, J. Concur.