JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff, University Commons Assoc., LTD, a limited liability company, appeals the trial court denying its motion to reinstate this case to its active docket.
 {¶ 2} In December 2000, plaintiff filed this case against defendants, Commercial One Asset Management, Inc. and Commercial One Realty, Inc.[1] Pertinent to this appeal, however, are the following facts.
 {¶ 3} In its complaint, plaintiff alleged that defendants breached a contract and negligently and/or fraudulently managed an apartment complex plaintiff owned. After discovery, both defendants filed separate motions for summary judgment in which each denied any liability to plaintiff.
 {¶ 4} The trial court denied Commercial One Asset Management, Inc.'s motion. It granted Commercial One Realty's motion for summary judgment in part and included "no just cause for delay"[2] language, which allowed plaintiff to appeal immediately to this court.[3] The trial court stayed the remaining claims in the case[4] and instructed plaintiff to file a motion to reinstate the case after the appeal was decided.
 {¶ 5} In that first appeal, decided in August 2002, this court affirmed the trial court's decision to grant partial summary judgment to Commercial One Realty, Inc. In July 2004, almost two years later, plaintiff filed its motion to reinstate the case to the trial court's active docket. The trial court denied that motion, from which decision plaintiff appeals. Because both of plaintiff's assignments of error are related, they are addressed together.
"I. THE TRIAL COURT ERRED AS A MATTER OF LAW, IN DENYING THE APPELLANT'S MOTION TO REINSTATE THIS CASE TO THE TRIAL COURT'S ACTIVE DOCKET.
THE TRIAL COURT ERRED, AND ABUSED ITS DISCRETION, IN DENYING THE APPELLANT'S MOTION TO REINSTATE AND DISMISSING THE CASE."
 {¶ 6} In its two assignments of error, plaintiff argues that the trial court erred when it denied its motion to reinstate this case to the court's active docket.
 {¶ 7} Before addressing plaintiff's assignments of error, we must first determine whether this court has jurisdiction over this appeal. First Benefits Agency v. Tri-County Bldg. TradesWelfare Fund, Summit App. No. 19003, 131 Ohio App.3d 29, 32,721 N.E.2d 479. Section 3(B)(2), Article IV of the Ohio Constitution, which regulates this state's appellate jurisdiction, states: "Courts of appeals shall have * * * jurisdiction to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals * * *."
 {¶ 8} In order to invoke appellate jurisdiction, this court must be presented with a judgment or final order from a lower court. Assn of Cleveland Firefighters, #93 v. Campbell,
Cuyahoga App. No. 84148, 2005-Ohio-1841, ¶ 3. Without an order that is final and appealable, an appellate court has no jurisdiction to review the matter and the appeal must be dismissed. Id. Even if the jurisdictional issue is not raised by the parties to an appeal, this court is, nonetheless, required to raise it on its own motion. State ex rel. White v. CuyahogaMetro. Hous. Auth. (1997), 79 Ohio St.3d 543, 544,1997-Ohio-366, 684 N.E.2d 72.
 {¶ 9} "An order of a court is a final, appealable order only if the requirements of both R.C. 2505.02 and Civ.R. 54(B), if applicable, are met." State ex rel. Keith v. McMonagle,103 Ohio St.3d 430, 2004-Ohio-5580, at ¶ 4, 816 N.E.2d 597.
 {¶ 10} R.C. 2505.02 defines a final order:
 {¶ 11} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
(3) An order that vacates or sets aside a judgment or grants a new trial;
(4) An order that grants or denies a provisional remedy and to which both of the following apply:
(A) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
(B) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
(5) An order that determines that an action may or may not be maintained as a class action."
 {¶ 12} In the case at bar, when it partially granted Commercial One Realty, Inc.'s motion for summary judgment, the court also determined that there remained genuine issues of material fact on the issue of whether plaintiff's complaint against Commercial One Realty was frivolous. That issue was pending when plaintiff filed its notice of appeal.[5]
Approximately two months after the appeal was filed,[6] the trial court stayed the entire case pending the appeal inCommercial One Asset Management, supra. The court also notified plaintiff what it had to do after the appeal was decided. The trial court's entry is as follows:
 {¶ 13} "02/06/2002 P JE PURSUANT TO THIS COURT'S ENTRY DATED 12/20/02, THIS CASE IS STAYED AND REMOVED FROM THE ACTIVE DOCKET PENDING THE RESOLUTION OF MATTERS PENDING BEFORE THE COURT OF APPEALS. COUNSEL FOR PLAINTIFF SHALL FILE A MOTION TO REINSTATE CASE TO THIS COURT'S ACTIVE DOCKET WITHIN 45 DAYS OF THE DECISION RENDERED BY THE COURT OF APPEALS. FINAL. VOL. 2701 PG. 0262 NOTICE ISSUED 02/04/02-DISP. OTHER"
 {¶ 14} On September 16, 2002, this court decided CommercialOne Asset Management, supra. Contrary to the trial court's February 6th, 2002 order, however, plaintiff failed to move the court to reinstate the case within the 45 days specified in that order.
 {¶ 15} It was not until July 13, 2004, twenty-nine months later, that plaintiff filed its motion to reinstate the case. In its motion, plaintiff argued requested reinstatement and explained that because of an office move the case file had been inadvertently put into storage and, therefore, essentially lost for nearly two years. Plaintiff, however, cited no civil rule or other legal authority in support of its argument for reinstatement.
 {¶ 16} In response to plaintiff's motion to reinstate, defendant, Commercial One Asset Management, Inc., argued that plaintiff's request should be denied under either Civ.R. 60 or the doctrine of laches. Commercial One Realty, with its pending but inactive claim charging frivolous conduct, never opposed plaintiff's motion to reinstate.
 {¶ 17} The trial court denied plaintiff's motion to reinstate on August 9, 2004 with the following journal entry:
 {¶ 18} "JE PLAINTIFF'S MOTION (FILED 7/13/04) TO REINSTATE CASE TO ACTIVE DOCKET IS DENIED AS UNTIMELY. NEARLY TWO YEARS HAVE PASSED SINCE THE COURT OF APPEALS DECIDED THE INTERLOCUTORY APPEAL AND THE MOTION FOR REINSTATEMENT WAS TO HAVE BEEN FILED WITHIN 45 DAYS OF THE APPELLATE DECISION. BOOK 3166 PAGE 0043 08/09/2004 NOTICE ISSUED"
 {¶ 19} This order, however, fails to meet any of the definitions of "final order" listed in R.C. 2505.02(B).
 {¶ 20} In the case at bar, while the appeal was pending inCommercial One Asset Management, supra., plaintiff's claims against Commercial One Asset, Inc. were stayed and inactive.[7] The trial court never addressed the merits of the remaining claims. And, more importantly, those claims were neither dismissed by the court nor disposed of through a final judgment.
 {¶ 21} Though plaintiff's claims against Commercial One Asset, Inc. are inactive, they are, nonetheless, unadjudicated and still pending. The trial court can revive and dispose of the inactive but still existing claims in this case whenever it chooses to do so. There is nothing preventing the trial court from entering a judgment that constitutes a final order relating to the remaining unadjudicated claims. Accordingly, when the trial court denied plaintiff's motion to reinstate, it neither determined any issues between the parties nor prevented a judgment. R.C. 2505.02(B)(1); First Benefits, supra., citingIn re Cuyahoga Cty. Asbestos Cases (Apr. 16, 1998), Cuyahoga App. No. 72388, 1998 Ohio App. LEXIS 1616, at *15 (Appeal dismissed because putting some of plaintiff's claims on the trial court's "inactive docket" was not a final, appealable order).
 {¶ 22} Moreover, since the claims not dismissed in this case are still simply "inactive," we cannot conclude that the trial court's denial of the motion to reinstate affected a substantial right. Nor is there any argument that the decision arose from a special proceeding.[8] First Benefits, supra.
 {¶ 23} We reach the same conclusion with regard to R.C.2505.02(B)(3) through (B)(5). The trial court's denial of plaintiff's motion to reinstate did not vacate or set aside a judgment, and it did not grant a new trial. R.C. 2502.02(B)(3). The denial did not grant or deny a provisional remedy from which plaintiff would not be afforded a meaningful or effective remedy by an appeal following final judgment in its action. R.C.2505.02(B)(4). Further, the trial court's order had nothing to do with a class action R.C. 2505.02(B)(5). Since the remaining claims in this case are still pending somewhere within the realm of inactive status, the trial court's denial of plaintiff's motion to reinstate cannot be deemed a final appealable order pursuant to R.C. 2502.02.[9] As a result, this court has no jurisdiction over this appeal. Arriving at the same conclusion, the 10th District held there was no final, appealable order in the trial court's denying plaintiff's motion to reinstate a case to the "active docket." First Benefits, supra., at 34.
 {¶ 24} Until the trial court in the case at bar reaches the merits of the pending claims and thereafter issues a final judgment, this court has no jurisdiction over this appeal.
Appeal dismissed.
It is ordered that appellees recover of appellant their costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, JR., J., concurs.
 Dyke, P.J., concurs in judgment only.
[1] A complete recitation of the facts underlying plaintiff's complaint is set forth in University Commons Associates LimitedPartnership v. Commercial One Asset Management, (Aug. 8, 2002), Cuyahoga App. No. 80658.
[2] Pursuant to Civ.R. 54(B).
[3] University Commons Associates Limited Partnership v.Commercial One Asset Management, (Aug. 8, 2002), Cuyahoga App. No. 80658.
[4] Those remaining claims include plaintiff's claims against Commercial One Asset Management, Inc.
[5] The first notice of appeal was filed on December 20, 2001.
[6] February 6, 2002.
[7] We do not address Commercial One Realty's answer alleging frivolous conduct, which could have been brought as a counterclaim. See, Texler v. Papesch, Summit App. No. 18977, 1998 Ohio App. LEXIS 4070, at *4-7.
[8] "`Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C.2505.02(A)(2). "Orders that are entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02." Polikoff v. Adam (1993),67 Ohio St.3d 100, 616 N.E.2d 213, at syllabus. In the case at bar, plaintiff's claims against Commercial Asset, Inc. sound in tort and contract. Tort claims in Ohio were recognized at common law and they are not, therefore, part of a special proceeding.Bautista v. Kolis, 142 Ohio App.3d 169, 173, 2001-Ohio-3159,2001-Ohio-3240, 754 N.E.2d 820.
[9] See, State of Ohio, ex rel. Rothschild v. McCafferty,
Cuyahoga App. No. 82023, 2003-Ohio-440, 2003 Ohio App. LEXIS 457, in which relator sought a writ of mandamus to compel respondent, a Cuyahoga County Common Pleas trial judge, to proceed to trial. Specifically, relator sought reinstatement of the underlying action and disposition of her counterclaims. The writ was dismissed because the respondent, sua sponte, re-instated the case to active status. See also, McClellan v. Carland,217 U.S. 268, 280, (1910), in which a writ in aid of appellate jurisdiction was used to compel an inferior court to exercise its lawful jurisdiction or to compel it to exercise its authority when it is its duty to do so. "Repeated decisions of this Court have established the rule . . . that the writ will lie in a proper case to direct a subordinate Federal court to decide a pending cause," or to require "a Federal court of inferior jurisdiction to reinstate a case, and to proceed to try and adjudicate the same." (Emphasis added.)