[Cite as *In re Adoption of B.R.C.*, 2014-Ohio-3391.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

|  |  |  |
|---|---|---|
| In the Matter of: | : | Case No. 14CA3638 |
| The Adoption of B.R.C. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
|  | : | **RELEASED:  7/29/2014** |

_____

HOOVER, A.J.,

**{¶1}**   Appellant Kaylee Jordan Cooper filed a notice of appeal from a probate court order granting a stay of the petition for adoption pending a determination of a parentage action in the domestic relations court. We sua sponte raised the issue of whether the trial court's order granting a stay is a final, appealable order. Appellant filed a memorandum in response, but addressed the merits of the underlying appeal instead of the jurisdictional issue.  We find that the trial court's entry is not a final appealable order and hereby **DISMISS** the appeal.

**{¶2}**   Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505 .02. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter and it must be dismissed.   "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." *State ex rel. Scruggs v. Sadler,* 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101; see also, *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86,

541 N.E.2d 64, syllabus. The threshold requirement, therefore, is that the order satisfies

the criteria of R.C. 2505.02.

{¶3}    For purposes of this appeal, the relevant portions of R.C. 2505.02 define a

final appealable order as follows:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right in an action made in a special proceeding or upon a summary application in an action after judgment;
>
>           *                *              *
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

Analysis under R.C. 2505.02(B)(1) & 2505.02(B)(2)

{¶4}    A judgment entry qualifies as a final, appealable order under R.C. 2505.02

if it "affects" a "substantial right" as defined by R.C. 2505.02(A)(1) and either, "in effect

determines the action and prevents a judgment" as set forth in R.C. 2505.02(B)(1); or

was "made in a special proceeding or upon a summary application in an action after

judgment" as set forth in R.C. 2505.02(B)(2). Thus, if an order does not affect a

substantial right, it is not a final appealable order under R.C. 2505.02(B)(1) or (2). A

"substantial right" is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).

{¶5}   An order granting a stay is not a final appealable order because it does not affect a substantial right, but merely puts the case on hold. *Milo v. Milo*, 9 Ohio St.3d 115, 459 N.E.2d 519 (1984)(a stay order is not a final appealable order because it "neither affects a substantial right, determines the action, nor prevents a judgment"). In this case, the probate court's order merely stays the adoption petition until disposition of the domestic relations proceeding. *Peterman v. Stewart*, 5th Dist. Delaware App. No. 02CAE11055, 2003-Ohio-696 (common pleas court order staying action pending resolution of matters in probate court proceeding was not a final, appealable order).

{¶6}   Because the probate court's order does not affect a substantial right, it is not a final appealable order under R.C. 2505.02(B)(1) or (2).

<u>Analysis under R.C.2505.02(B)(4)</u>

{¶7}   In analyzing orders under R.C. 2505.02(B)(4), the Supreme Court of Ohio has held, "[F]or an order to qualify as a final appealable order, the following conditions must be met: (a) the order must grant or deny a provisional remedy, as defined in R.C. 2505.02(A)(3), (b) the order must determine the action with respect to the provisional remedy so as to prevent judgment in favor of the party prosecuting the appeal, and (c) a delay in review of the order until after final judgment would deprive the appellant of any meaningful or effective relief." *State v. Upshaw,* 110 Ohio St.3d 189, 2006-Ohio-4253, 852 N.E.2d 711.

{¶8}     First, the order granting the stay must be a "provisional remedy." R.C.

2505.02(A)(3) defines "provisional remedy" as "a proceeding ancillary to an action,

including, but not limited to, a proceeding for a preliminary injunction, attachment,

discovery of privileged matter, suppression of evidence" and certain prima facie

showings under R.C. 2307.85 through R.C. 2307.93, as specified, concerning certain

silicosis or mixed dust disease claims. The basic purpose of R.C. 2505.02(A)(3) in

categorizing certain types of preliminary decisions of a trial court as final, appealable

orders is the protection of one party against irreparable harm by another party during

the pendency of the litigation. *Gen. Elec. Capital Corp. v. Golf Club of Dublin, LLC,* 5th

Dist. Delaware App. No. 09 CAE 12 0107, 2010-Ohio-2143.

{¶9}     The Supreme Court of Ohio has held that a stay is not an ancillary

proceeding and, therefore, is not a provisional remedy. "A stay is not an offshoot of the

main action; it is the main action postponed." *Community First Bank & Trust v. Dafoe,*

108 Ohio St.3d 472, 476, 2006-Ohio-1503, 844 N.E.2d 825. Thus, the Court held that

an order granting a stay was not a final appealable order under R.C. 2505.02(B)(4)

governing provisional remedies. *Id.; Brunst v. Alltel Corp.,* 9th Dist. Lorain App. No.

04CA008591, 2005-Ohio-3350 (a stay order is not a final appealable order under R.C.

2505.02(B)(4), because a stay is not a provisional remedy). Thus, we find that the order

is not a final appealable order under R.C. 2505.02(B)(4) governing provisional

remedies.

{¶10}  Because the probate court's order staying the petition is not a final

appealable order, we lack jurisdiction over this appeal. Appellant's appeal is hereby

**DISMISSED.**

{¶11} The clerk shall serve a copy of this order on all counsel of record at their last known addresses by ordinary mail. The clerk shall serve appellant by certified mail, return receipt requested. If returned unserved, the clerk shall serve appellant by ordinary mail.

**APPEAL DISMISSED.  COSTS TO APPELLANT. IT IS SO ORDERED.**

Harsha, J. & McFarland, J.:  Concur.

**FOR THE COURT**

_____
Marie Hoover
Administrative Judge