[Cite as *Sanders v. Renaissance Restoration, Ltd.*, 2025-Ohio-1369.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MARK R. SANDERS,                           :

    Plaintiff-Appellant,           :

                            No. 114320

    v.                             :

RENAISSANCE
RESTORATION, LTD., ET AL.,                 :

    Defendants-Appellees.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** April 17, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-963601

---

### *Appearances:*

Ritzler, Coughlin & Paglia, Ltd., and Patrick J. Thomas;
Sammon Law, LLC, and Colin P. Sammon, *for appellant.*

Stephen D. Dodd Co., LLC and Stephen D. Dodd, *for appellees.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant, Mark Sanders ("Sanders"), appeals an order of the Cuyahoga County Court of Common Pleas, General Division, staying the case pending proceedings in the Cuyahoga County Probate Court to determine Sanders's

competency and possible appointment of a guardian to represent his interests in this litigation.  Sanders claims the following errors:

> 1. The court erred as a matter of law when the court did not address "capacity" as the subject of the court's ordered briefing, and when it instead made a determination of "competency."
>
> 2. The trial court erred as a matter of law in determining that a not guilty by reason of insanity plea allows for a determination of competency.
>
> 3. The trial court abused its discretion in making a competency determination without reliable and credible evidence.
>
> 4. The trial court committed plain error when it found appellant incompetent because the finding affected a substantial constitutional right.

{¶ 2} We dismiss the appeal for lack of a final, appealable order.

## I.  Facts and Procedural History

{¶ 3} In May 2022, Sanders filed a complaint against defendants-appellees, Renaissance Restoration, Ltd. ("Renaissance Restoration"), Renaissance Restoration Properties, L.L.C. ("Renaissance Properties"), Martin Sanders, Jocelyn M. Sanders, Micah J. Sanders, and Margaret B. Sanders (collectively "defendants"). The complaint alleged that defendants wrongfully removed Sanders's ownership interest in Renaissance Restoration and Renaissance Properties.  The complaint asserted claims for breach of contract, breach of fiduciary duty, theft and conversion, unjust enrichment, and tortious interference with business relationship.  In his prayer for relief, Sanders requested dissolution, an accounting, and the appointment of a receiver.  The complaint was later amended to add a forgery claim, alleging that defendants forged a 2019 operating agreement using a 2017 signature panel in order

to remove Sanders from the companies to protect them from exposure in wrongful death cases filed against Sanders, Renaissance Restoration, and Renaissance Properties after Sanders shot and killed one of their employees.

{¶ 4} After the pleadings in this case were closed, Sanders, who had been charged with murder in connection with the shooting death of an employee, was found not guilty by reason of insanity ("NGRI") in the Summit County Court of Common Pleas. The NGRI finding was based on two psychiatric evaluations that concluded that Sanders was legally insane. The Summit County Court of Common Pleas committed him, indefinitely, to a mental institution where he was subject to forced antipsychotic medications.

{¶ 5} Defendants raised the issue of Sanders's mental condition at a telephone conference with the court following the NGRI finding. The court ordered the parties to brief "the issue of whether [Sanders] can proceed in his individual capacity or whether he must proceed with a guardian on his behalf." (Oct. 3, 2023, judgment entry.) Sanders filed a brief, arguing that because he was "neither incompetent nor does he lack capacity[,]" the case should proceed as would any other typical litigation. Defendants requested a finding that Sanders was incompetent, and they asked the trial court to appoint a guardian to proceed in Sanders's place in the litigation. After considering the parties' briefs, the trial court declined to make a finding on competency and did not appoint a guardian. Instead, the court issued two journal entries dated August 5, 2024, and August 14, 2024, ordering Sanders to apply to the probate court to have a guardian and/or

administrator appointed to represent him in this case and referring the parties to the probate court for guardianship proceedings. The court's August 14, 2024 journal entry stayed the case pending the proceedings in the probate court.

{¶ 6} Sanders filed a motion for clarification of the court's orders with findings of fact and conclusions of law to make clear "whether the Court has made a finding of competency or capacity, or lack thereof, and how any such determination was made." (Plaintiff Mark Sanders's combined motion for clarification and findings of fact and conclusions of law filed August 21, 2024.) Sanders also requested the inclusion of Civ.R. 54(B) language to allow him to immediately appeal the court's interlocutory orders, which he claimed affected his substantial rights. However, Sanders filed the notice of appeal before the court could rule on the motion. The trial court's August 5, 2024, and August 14, 2024 journal entries are now before us on appeal.

## II. Law and Analysis

{¶ 7} Before addressing the merits of Sanders's four assignments of error, we must first determine whether the court's August 14, 2024 judgment entry ordering Sanders to apply to the probate court for appointment of a guardian constitutes a final, appealable order because the Ohio Constitution limits appellate jurisdiction to the review of final judgments. Ohio Const., art. IV, § 3(B)(2). "If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed." *Assn. of Cleveland Firefighters, # 93 v. Campbell*, 2005-Ohio-1841, ¶ 6 (8th Dist.).

{¶ 8} Sanders argues, citing *Thomasson v. Thomasson*, 2018-Ohio-2417, that the court's August 14, 2024 journal entry is a final, appealable order because it effectively appointed a guardian to represent him, and it is established precedent that the appointment of a guardian affects a substantial right and is a final, appealable order. (Appellant's brief p. 9, citing *Thomasson*.) Sanders also asserts that the appointment of a guardian by a court without a hearing is a constitutional violation of due process and must be reversed. (Appellant's brief p. 9.)

{¶ 9} However, a final appealable order only exists if it meets "'the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B)[.]'" *Gehm v. Timberline Post & Frame*, 2007-Ohio-607, ¶ 15 (8th Dist.), quoting *State ex rel. Scruggs v. Sadler*, 2002-Ohio-5315, ¶ 5.

{¶ 10} Sanders argues the court's order is a final, appealable order because it affects a substantial right. R.C. 2505.02(B) provides that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when . . . [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" "'Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).

{¶ 11} The trial court's August 14, 2024 journal entry states, in its entirety:

> The court requested and is in receipt of briefing by the parties about whether plaintiff Mark R. Sanders is competent to proceed as plaintiff in this case when he was found not guilty by reason of insanity in a criminal case.

Upon due consideration, the court orders plaintiff Mark R. Sanders to apply to the probate court to have a guardian and/or administrator appointed to represent the plaintiff in all further actions in this case.

This case is hereby stayed and removed from the active docket until such time as a guardian and/or administrator is appointed and the court is notified of the same.

{¶ 12} The court's August 5, 2024 journal entry similarly states, in its entirety:

Parties are hereby referred to probate court for the appointment of a guardian for plaintiff. All proceedings in this case are hereby stayed and the case is removed from the active docket.

Plaintiff to file notice of decision and request to lift stay following the decision of the probate court.

{¶ 13} Despite Sanders's argument to the contrary, the trial court's orders do not make any determinations regarding any of his pending claims, nor do they make any findings regarding Sanders's competency or capacity to prosecute his claims. The orders also do not appoint a guardian to represent Sanders's interests. The court's journal entries merely stay the proceedings while the probate court determines whether or not Sanders is incompetent and in need of a guardian. An order staying a case pending resolution of an outside matter generally does not affect a substantial right and is, therefore, not a final, appealable order. *See*, *e.g.*, *Community First Bank & Trust v. Dafoe*, 2006-Ohio-1503 (Standing pending determination of bankruptcy of another party is not a final, appealable order under R.C. 2505.02 because it "provides no party a remedy" and it merely halts the proceedings.); *Milo v. Milo*, 9 Ohio St.3d 115 (1984) (Order staying civil action pending completion of appellate process in related criminal case is not a final,

appealable order under R.C. 2505.02); *In the Matter of the Adoption of M.J.E.S.*, 2022-Ohio-2336 (11th Dist.), quoting *Rymers v. Rymers*, 2010-Ohio-2684, ¶ 20 (11th Dist.) ("[O]rder granting a stay does not 'affect a substantial right, but merely puts the case on hold.'"); *In re Adoption of B.R.C.*, 2014-Ohio-3391, ¶ 5 (4th Dist.) ("An order granting a stay is not a final appealable order because it does not affect a substantial right, but merely puts the case on hold."); *Peterman v. Stewart*, 2003-Ohio-696 (5th Dist.) (Common pleas court order staying action pending resolution of matters in probate court proceeding was not a final, appealable order); *Brunst v. Alltel Corp.*, 2005-Ohio-3350 (11th Dist.) (Judgment granting a stay of a class action suit was not a final, appealable order under R.C. 2505.02 because it did not determine the action, prevent a judgment, or affect a substantial right; it merely put the case on hold.); *Anderson v. Wojtasik*, 2012-Ohio-2119 (11th Dist.) (Trial court's judgment staying discovery proceedings pending disposition of an appeal by one of the parties was not a final, appealable order.).

{¶ 14} The trial court's August 5, 2024, and August 14, 2024 judgment entries do not make any determinations regarding any of Sanders's claims, nor do they make any findings regarding Sanders's competency or capacity to prosecute his claims.  Therefore, they are not final, appealable orders and we lack jurisdiction to review the interlocutory issues raised in this appeal.  We, therefore, dismiss the appeal for lack of a final, appealable order.

{¶ 15} Appeal dismissed.

It is ordered that appellees recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
SEAN C. GALLAGHER, J., CONCURS (WITH SEPARATE OPINION)


SEAN C. GALLAGHER, J., CONCURRING:

{¶ 16} I fully concur with the majority. There is no jurisdiction to review an indefinite stay of proceedings issued by the trial court, even ones accompanied by an order requiring a party to seek their own guardianship in probate court as a condition to maintaining the lawfully filed action. *Univ. Commons Assoc. v. Commercial One Asset Mgt.*, 2005-Ohio-4568, ¶ 24 (8th Dist.). It appears Sanders may lack an adequate remedy through the ordinary course of law at the moment, but that does not impact an appellate court's lack of jurisdiction over nonfinal orders. I write separately because it appears the trial court sua sponte raised an affirmative defense not preserved by the appellees.

{¶ 17} Probate court has exclusive jurisdiction over guardianship proceedings. R.C. 2101.24(A)(1)(e). Civ.R. 17(B) does not alter that jurisdictional limitation. Appellees' reliance on Civ.R. 17(B) to justify the trial court's decision is, therefore, misplaced. That rule in pertinent part provides that "[w]hen a minor or incompetent person is not otherwise represented in an action the court shall appoint a guardian ad litem or shall make such other order as it deems proper for the

protection of such minor or incompetent person." Civ.R. 17(B) simply recognizes that if a person has been declared incompetent and is not represented in an action, the trial court may take steps to protect that person. That assumes, however, the party has been declared incompetent by a court of competent jurisdiction. Appellees have not pointed to any order declaring Sanders incompetent. They simply refer to Sanders's alleged mental illness. It should go without saying that suffering from mental illness alone does not necessarily mean a person is incompetent as recognized under statutory law. Because Sanders has not been declared incompetent, Civ.R. 17(B) is irrelevant. *See Rodeno v. Mezenski*, 2022-Ohio-1176, ¶ 6 (8th Dist.).

{¶ 18} It also appears that the respective burdens of proof have been inappropriately shifted. As the appellees expressed, they believe Sanders is required to prove his competence as a prerequisite to maintaining and defending a lawfully filed complaint and answer to the appellees' counterclaim. *See* appellee brief at p. 23 ("What evidence did the Appellant submit to the trial court relating to his alleged competency and/or capacity? None."). It is not Sanders's burden to prove his capacity to sue or be sued. Civ.R. 9(A). "When a party desires to raise an issue as to . . . the capacity of any party to sue or be sued . . . , he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge." *Id.*

{¶ 19} In order to challenge another party's capacity, the moving party must first preserve that defense in a responsive pleading, otherwise lack of capacity is

waived and the action should proceed. *State ex rel. Downs v. Panioto*, 2006-Ohio-8, ¶ 30, citing Civ.R. 9(A), and *Frate v. Al-Sol, Inc.*, 131 Ohio App.3d 283, 287-288 (8th Dist. 1999). Appellees have failed to preserve capacity as a defense. As the appellees note, Sanders pleaded not guilty by reason of insanity in November 2022, weeks before the appellees filed their answer and counterclaim against Sanders in response to the amended complaint. They were well aware of the capacity issue, for over a year, in fact, according to their timeline of events, yet failed to include that as a specific negative averment in their answer or their counterclaim against Sanders. Further, no "interested party" has attempted to declare Sanders incompetent through the appropriate probate channels.

{¶ 20} Having said all that, we lack jurisdiction to address the issues presented because the trial court issued an indefinite stay, an order that is not final or appealable. There is no relief that can be offered in this appeal. I fully concur with the majority's decision.