JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Jerry Hodgkinson appeals from a common pleas court order denying his motion to return this case to the active docket. He argues that the court erred by overruling this motion and by effectively overruling his previously filed motion for relief from judgment. We find no error and affirm.
 {¶ 2} On December 2, 2005, plaintiff-appellee Original Pizza Pan, Inc., obtained a cognovit judgment against Hodgkinson and Kyle Hodgkinson in the amount of $13,303.58 plus interest at the rate of ten percent on the principal amount of $13,000. Hodgkinson filed a notice of bankruptcy and suggestion of stay on July 3, 2006.
 {¶ 3} On December 1, 2006, Hodgkinson filed a motion for relief from the cognovit judgment pursuant to Civ.R. 60(B). The court declined to rule on the motion, noting that the "case is stayed pending bankruptcy action. Case to be reinstated upon motion only."
 {¶ 4} On May 1, 2007, Hodgkinson filed a "motion to return case to active docket," which informed the court that he had been discharged in bankruptcy, and sought to vacate the judgment on the cognovit note based on his prior motion for relief from judgment. Original Pizza Pan opposed this motion, asserting that Hodgkinson "obtained a discharge of the debt on March 9, 2007," and "[f]urther, Defendant is still under the protection of the Bankruptcy Court." Original Pizza Pan contended that Hodgkinson lacked standing to pursue his motion for relief from *Page 4 
judgment, because that right was vested in the bankruptcy trustee. On June 12, 2007, the court summarily denied the motion to return the case to the active docket. Hodgkinson now appeals from this order.
 {¶ 5} Hodgkinson first argues that the court erred by denying his motion to return the case to the active docket. We disagree. Judgment was already entered in the case, so the only way the case could be reinstated to the active docket is if the judgment was vacated. Hodgkinson's motion did not ask the court to vacate the judgment; he asked the court to reinstate the case to the active docket in order to consider his previously filed motion to vacate. The requested relief would have effectively put the cart before the horse, and was properly denied. Cf. First Agency Benefits v. Tri-County Bldg. Trades WelfareFund (Summit App. 1998), 131 Ohio App.3d 29 (holding that a ruling on a motion to reinstate a pending case to the active docket following a bankruptcy stay was not a final appealable order because it did not determine the action or prevent a judgment).
 {¶ 6} Hodgkinson next asserts that the denial of his motion to reinstate the case effectively and erroneously overruled his motion for relief from judgment without a hearing and without considering the merits of the motion. Even if we agree that this was the effect of the court's denial of the motion to reinstate, the court did not err. The discharge in bankruptcy significantly affected the status of the judgment and thus, the merits of the motion for relief from it. We find no error in the denial of *Page 5 
the motion for relief from judgment pursuant to Civ.R. 60(B) under the circumstances of this case.
 {¶ 7} In the trial court, the parties agreed that Hodgkinson was discharged in bankruptcy; according to Original Pizza Pan, the discharge occurred on March 9, 2007. The discharge lifted the bankruptcy stay in this case. 11 U.S.C. § 362(c)(2). It also significantly affected the enforceability of the judgment.
 {¶ 8} Discharge in bankruptcy generally "discharges the debtor from all debts that arose before the date of the order for relief."11 U.S.C. § 727(b). The discharge "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged * * * *"11 U.S.C. § 524(a)(1). Furthermore, the discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." § 524(a)(2). The judgment obtained by Original Pizza Pan concerned a pre-petition debt. The bankruptcy discharge rendered this judgment void, at least with respect to any personal liability.[1] *Page 6 
 {¶ 9} A party seeking to vacate a void judgment need not satisfy the requirements of Civ.R. 60(B). Rather, the authority to vacate a void judgment is an inherent power possessed by Ohio courts. Patton v.Demer (1988), 35 Ohio St.3d 68, 70. The Bankruptcy Code's injunction against the employment of process to collect the debt after the debt is discharged also appears to protect Hodgkinson from any collection efforts.
 {¶ 10} Hodgkinson's motion to vacate was filed before the discharge in bankruptcy, and thus did not address any of these issues. The court did not err by denying the outdated motion.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] While the bankruptcy discharge extinguishes any personal liability of the debtor, it does not affect in rem claims against the debtor's property. See In re Anderson (Bankr. W.D. Wash. 2007), 378 B.R. 296,298. Thus, to the extent that Original Pizza Pan had a judgment lien under R.C. 2329.02 against Hodgkinson's property before the bankruptcy petition was filed, the bankruptcy discharge did not affect it. Id., citing In re Barnes (Bankr. M.D. Ala. 2005), 326 B.R. 832, 841. In this action, Original Pizza Pan is not attempting to enforce any judgment lien it may have, nor has anyone requested a declaratory judgment regarding the validity of any lien. Consequently, the existence and validity of any lien against Hodgkinson's property is not before us. *Page 1